Wilde J.
delivered the opinion of the Court. Sundry exceptions have been taken to the proceedings brought before us by the certiorari in this case, and the general question is, *471 whether such errors are disclosed by the record as will require ug lQ quasjj proceedings. [Here his Honor stated some of ths proceedings as above recited.] To these several de= cisiona of the court below, the defendant excepted, and now objects. They all depend on the same principle ; and tne question is, whether the judges of the Police and Municipal Courts, and the jurors, and the city officers, had, as members of the corporation to which a portion of the penalty accrued, any such interest as should disqualify them to act in their respective offices, and whether for the same reason the witnesses were rendered incompetent.
By the common law no person is allowed to sit as judge or juror, or to testify, in a cause in xvhich he is a party or has an interest. And a corporate interest, however inconsiderable and remote, is held to be sufficient to disqualify any member of a corporation. There are decisions the other way in relation to witnesses, but these decisions have been overruled. The Court will not relax the objection by inquiring into the degree of in • fluence which may be supposed to exist, because any degree of influence may create an improper bias, and should operate as a disqualification. But such a disqualification may be removed by the legislature; and so it was ruled in the case of Commonwealth v. Ryan, 5 Mass. R. 90; and in the case of The Inhabitants of Lincoln v. Prince, the Court recognise the same principle.[1] So also has it been considered by the legislature. By St. 1792, c. 32, [see Revised Stat. c. 94, § 54,] it is provided, that the inhabitants of towns and members of societies may be admitted as competent witnesses in suits where the town or society is a party, or is interested in the event of the suit. And for more than thirty years this has been regarded as a valid, constitutional act.[2]
It is objected, however, that in relation to the judges and jurors the authority of the legislature is restrained by the 29th article of the Bill of Rights, which declares, that it is the right of every citizen to be tried by judges as free, impartial, and independent, as the lot of humanity will admit. The -^qualify *472 mg words in the declaration suppose that judges and jurors may have some degree of interest or feeling in all public prosecutions, for all are interested in the preservation of the peace ; but if this interest is inconsiderable and not such as may be reasonably supposed to create a bias, it is not to be regarded. “ It is for the legislature to say,” as Chief Justice Parsons remarks in the case of the Commonwealth v. Ryan, “ when this theoretic interest shall be no good objection to a juror. ” It is true that Lord Coke says, that if an act of parliament should ordain that the same person should be party and judge, or which is the same thing, judge in his own cause, it would be a void act of parliament; and Lord Holt says, that this is a very reasonable and true saying, and free from any extravagancy. And no doubt it is ; but no such objection applies to the present case. The city of Boston is not a party to the prosecution, nor liable for costs. It is only entitled to a portion of a very trifling penalty, which, if divided among the inhabitants, could not possibly create any bias. But the inhabitants have no right to claim any dividend of the penalty. Their interest therefore is imaginary, and exists only in theory. To suppose that a recovery in this case would reduce the amount of taxes hereafter to be assessed, is altogether extravagant. In making provision for the administration of justice within the city, the legislature have determined that such an interest should not operate as a disqualification. By the 4th section of St. 1824, c. 28, it is provided, that no person shall be disqualified from acting as magistrate, juror, or witness, in certain suits or prosecutions, by reason of any interest which he may have as an inhabitant of the city of Boston in the sum or sums of money to be recovered.[1] We consider this as a valid and constitutional provision. But without relying on this provision, which perhaps is not applicable to this prosecution, it is a sufficient answer to the objection of interest, that jurisdiction is expressly given to the Police Court, and that the service of process from a justice in Chelsea within the city is prohibited. The witnesses in support of the prosecution were rendered competent by a former statute.
*473 As to the evidence offered by the defendant, we think 1 was rightly excluded. It related to immaterial facts, which could have no influence except to mislead the jury. It was not a case involving the defendant’s character, and the permission of the mayor and aldermen attempted to be proved was without authority and void.
So the evidence adduced to prove the by-law unreasonable, was clearly inadmissible. It was for the Court to decide whether the by-law was reasonable or not; and evidence to the jury on this point was irrelevant. But the evidence as stated would have proved nothing unreasonable ir. the by-law. It is not a law in restraint of trade, but it is a reasonable regulation of it, made for the good government of the city and to prevent a public nuisance. If it may be presumed somewhat to enhance the expense of transportation, this is more than compensated by many public advantages which result from it, so that on the whole the regulation is clearly a beneficial one.
Another objection, on which great stress has been laid, relates to the form of the complaint, which ought, as it is urged, to have set out the by-law at large. But if the statute dispensing with the necessity of thus encumbering the record is a valid law, this objection must fail. Perhaps, even without the aid of the statute, the courts below, being composed of citizens of Boston, were bound to take notice of the by-law, though generally, no doubt, a by-law must be pleaded.
We have not, however, any doubt as to the dispensing power of the statute. That it is limited in its operation to the city of Boston, is no objection to its validity. Surely the power of the legislature to pass a local act cannot be questioned. It is not only the right, but the duty of that branch of the government, so to vary the provisions of law, as to meet, so far as is practicable, the peculiar exigencies of every portion of the community. The forms of administering justice are not required to be uniform throughout the commonwealth. The Municipal and Police Courts are peculiar to the city of Boston, but it has never been doubted that they were properly and constitutionally instituted. The object and effect of a local law is always to confer on a portion of the community some peculiar and exclusive benefits. All charters to coroo *474 rations are grants of exclusive privileges. But special laws are not void cn account of their limited operation. It is therefore no objection to the statute under consideration, that it is confined to the city of Boston.[1]
Another objection made to the form of the complaint is, that it is in the name of the commonwealth. But this is expressly authorized by St. 1817, c. 50. This law is not repealed by the incorporation of the city. The act of incorporation, if it may be so called, did not annul the rights and privileges of the town. It only conferred on the then existing corporation a new name with additional powers.
We can find nothing erroneous in the judge’s instructions to the jury.
It is provided by the by-law, that all carters, and other persons, having the care of any cart, wagon, sled, or drag, passing through or in said streets of said town, shall drive their beast or beasts at a moderate foot pace, and shall not suffer them to go in a gallop or trot.
Vose testified that he saw the defendant standing in an empty cart, with the reins to guide the horses in his hands, and driving the same, which was drawn by two or more horses, on a fast trot, at the rate of from six to ten miles an hour ; and the judge instructed the jury, that the evidence, if believed, was sufficient to maintain the issue on the part of the commonwealth ; and most certainly it was. But another witness gave it as his opinion, that the horses could not have moved with so great rapidity as was supposed by Vose ; and the judge left it to the jury to decide upon the whole evidence, whether the defendant was guilty of driving the horses faster than at a moderate foot pace, contrary to the true intent and meaning of the by-law : and this was right.
It is also objected, that it was left to the jury to decide on the true meaning of the by-law; but there is no foundation for this objection. The judge gave his opinion as to the construction of the by-law, which was adopted by the jury, and the construction was correct. Besides, in criminal prosecutions the jury are the judges of both law and fact.[1]
*475 One objection more only remains to be considered. The complaint concludes against the form of the by-law in such case made and provided. At present we are inclined to the opinion, that this is not sufficient; and that it ought to have concluded also against the form of the statute, by which alone this prosecution can be maintained.[2] But as this objection does not appear to have been made in the court below, and has not been argued, we will suspend the decision of the cause for the purpose of hearing counsel as to this point.

 See Lincoln v. Prince, 2 Mass. R. (Rand’s ed.) 547, n. (a),

 See Lufkin v. Haskell, ante, 359, and note 1; Roscoe’s Dig. Crim. Evid 110 to 112; 1 Stark. Evid (5th Amer. ed.) 145, and note.

 See Revised Stat. p. 808, amendm. to c. 90, § 124.

 See Pierce v. Kimball, 9 Greenl. 54; Wales v. Belcher, 3 Pick. 508.

 See 1 Chitty’s Criminal Law, (3d Amer. ed.) 626, note.

 See Commonwealth v. Gay, 5 Pick. 44; 1 Chitty’s Crim. Law, (3d Amer ed ) 290, note.