CITY OF COLUMBUS, PLAINTIFF IN ERROR, V. HARTFORD INSURANCE CO., DEFENDANT IN ERROR.

Insurance Companies: TAXATION. The provisions of chapter 66 of the Session Laws of 1887, amending section 38 of an act to provide a system of revenue, being chapter 77 of the Compiled Statutes of 1885, was not intended to exempt insurance companies from the payment of a license tax on their occupation or business within the limits of cities of the second class and villages, when imposed by ordinance. The purpose of the exemption in the latter clause of the section being only to relieve such companies from taxes, fees, or licenses under the laws of the state which might be imposed by general law, under the provisions of section one of article 9 of the constitution.

ERROR to the district court for Platte county. Tried below before POST, J.

*Sullivan & Reeder*, for plaintiff in error, cited: Cooley Taxation, 146. Bishop Written Laws, 152, 154, 157. Laws 1887, Ch. 10.

*George G. Bowman*, for defendant in error, cited : *Chicago v. James*, 114 Ill., 497.

REESE, CH. J.

This action was instituted for the purpose of collecting from the defendant an occupation tax of $5, assessed against it under the ordinances of the city of Columbus, which is alleged in the petition to be a city of the second class, having a population of more than two thousand and less than five thousand inhabitants, and duly incorporated under the laws of the state.

A general demurrer was interposed to the petition, which was sustained by the district court, and the case dismissed.

As presented by the briefs of counsel, the only question for decision is, whether chapter 66 of the Session Laws of 1887 by its provisions forbids the collection of taxes of the character named, under provisions of subdivision 8 of section 69, article one of chapter 14 of the Compiled Statutes of 1885, as amended by subdivision 8 of section 1 of chapter 12 of the Session Laws of 1887.

Chapter 66 of the Session Laws of 1887, and as carried forward into the Compiled Statutes of 1887 as section numbered 38 of the revenue act (chap. 77), is as follows:

"Each and every insurance company transacting business in this state shall be taxed upon the excess of premiums received over losses and ordinary expenses incurred within this state during the year previous to the year of listing in the county where the agent conducts the business, properly proportioned by the company at the same rate that all other personal property is taxed, and the agent shall render the list and be personally liable for the tax; and if he refuses to render the list, or to make affidavit that the same is correct, the amount may be assessed according to the best knowledge and discretion of the assessor. Insurance companies shall be subject to no other tax, fees, or license under the laws of this state, except taxes

on real estate and the fees imposed by section 32 of an act regulating insurance companies, passed February 25th, 1873."

As shown by the section of. the amended act, the new or amended section is an amendment of the general revenue laws in this state, and by its terms has no reference to any other subject. But it is contended by defendant in error that the latter clause of the new act, which provides that insurance companies shall be subject to no other taxes, fees, or license under the laws of this state, etc., must be taken as prohibiting the collection of any other taxes than those permitted by the act, whether by the state, or by subordinate municipal governments.

While the question is not free from doubt, yet it is believed that the section should not receive the construction placed upon it by the district court.

The language is, that companies of the kind named, " shall be subject to no other taxes, fees, or license, *under the laws of this state*, except taxes on real estate and the fees imposed by section 32 " of the act referred to in the section.

Section one of article 9, entitled revenue and finance, of the constitution of this state, provides that, " The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person or corporation shall .pay a tax, in proportion to his, her, or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, innkeepers, liquor dealers, toll bridges, ferries, insurance, telegraph, and express interests or business, vendors of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates."

By this section of the constitution, permission is given to the legislature to tax " insurance interests or business in such manner as it shall direct by general law," etc.

As the section of the revenue law stood before the passage of the act of 1887, it was provided that insurance companies should be subject to no other taxes under the laws of this state, etc., we think the legislative intent, as expressed in the new act, was simply to relieve insurance companies from the payment of other taxes, fees, or license which might, under the authority of the section of the constitution referred to, be imposed by a general law of the state, and that it could have reference to nothing else. We find further ground for this belief in the fact that the act was approved on the 10th day of March, 1887, and that upon the 31st day of the same month, the provisions of section 69 of article 1 of chapter 14 of the Compiled Statutes, which constituted a part of the charter of cities of the second class and villages, were re-enacted, in identically the same language as subdivision 8 of that section, which gives to cities and villages of the class named the power to enact 'ordinances and by-laws, "to raise revenue by levying and collecting a license tax on any occupation or business within the limits of any city or village, and regulate the same by ordinance," etc.   In this latter act no exception appears, but the authority is expressly given to collect the license tax from any occupation or business within the limits of the statute.   We therefore think that the authority of cities of the class named is unimpaired by the provisions of the chapter under consideration, and that the district court erred in sustaining the demurrer.

The judgment of the district court is reversed, and the cause remanded for further proceeding according to law.

REVERSED AND REMANDED.

THE other judges concur.