ROBERT A. TEMPLETON v. CITY OF TEKAMAH.

[FILED JULY 2, 1891.]

1. **Cities**: OCCUPATION TAX: CONSTITUTIONALITY. The provisions of subdivision 8, sec. 52, art. 2, ch. 14, Comp. Stat., authorizing cities to levy and collect occupation taxes, are not repugnant to sections 1 and 6 of article 9 of the constitution. (*Magneau et al. v. City of Fremont et al.*, 30 Neb., 843.)

2. ———: ———: ENFORCEMENT: ORDINANCE VOID IN PART. A provision of an ordinance imposing a license tax upon certain occupations, fixing a penalty for pursuing such occupations without first having obtained a license therefor, of a fine of not less than five dollars nor more than one hundred dollars, or the offender might be imprisoned not more than ten days, *held*, that the fine and imprisonment clause, although void, did not affect that part of the ordinance which fixed a civil liability, and the tax might be collected by action.

ERROR to the district court for Burt county. Tried below before WAKELEY, J.

*H. Wade Gillis*, for plaintiff in error, cited: *State, ex rel. A. & N. R. Co., v. Board Co. Com'rs*, 4 Neb., 537; *Smails v. White*, Id., 353; *Hurford v. Omaha*, Id., 350; 2 Dillon, Mun. Corp., sec. 673.

*N. J. Sheckell, contra.*

COBB, CH. J.

The city of Tekamah brought an action against the plaintiff in error, upon an ordinance of said city, which provides for the levying and collection of a license tax upon the keeping and using of stallions and jacks for breeding purposes, within the corporate limits of the city of Tekamah. The petition set out the said ordinance, the first section of which provides that "there is hereby levied upon each and every person, firm, association, or corporation keeping or using any stallion or jack for breeding purposes within the corporate limits of Tekamah, the sum of ten dollars for each stallion or jack so kept, as a special license tax," with other provisions contained in succeeding sections pointing out the manner of paying, and to whom, of such license tax, and the manner of issuing, and by what officer, of the license therefor, and other appropriate provisions. It also alleged that during the fiscal year commencing in May, 1888, and subsequent to the taking effect of said ordinance, the defendant kept for breeding purposes within the corporate limits of the city of Tekamah, four stallions, for which he is indebted to the plaintiff in the sum of forty dollars as a special license tax thereon, for which suit is brought to collect. That said defendant has not paid said license nor any part thereof, or taken out any license as required by said ordinance, etc., with prayer for judgment.

To which petition the defendant filed a general demurrer, which was overruled.

The defendant not desiring to plead over, the cause was tried to the court, a jury being waived, upon the petition and evidence, with a finding and judgment for the plaintiff. A motion for a new trial was made and overruled and the cause brought to this court on error. There are several errors assigned, but as there is no evidence contained in the

paper certified by the clerk of the trial court as the original bill of exceptions, the only question that can be considered in this court is that raised by the demurrer to the petition.

Plaintiff in error in the brief of counsel divides this question into two, as follows:

I. Is the ordinance on which this action is founded constitutional?

II. Has a city a right to collect its taxes for revenue by suit or criminal prosecution?

The first of these questions arose and was decided in this court at the last term in the case of *Magneau et al. v. City of Fremont et al.,* 30 Neb., 843. The mayor and council of the city of Fremont had passed an ordinance imposing a license tax upon various occupations within said city. Suit was brought in the proper court to enjoin the collection of the tax and to have the said ordinance declared void. The case being there decided for the defendant, reached this court upon appeal. Among the other questions argued and decided here was the identical one above stated. Judge NORVAL, in delivering the opinion of the court, after quoting sections 1 and 6 of article 9 of our state constitution, and citing a number of cases of this and other states, said: "We are clearly of the opinion that the provisions of subdivision 8, sec. 52, art. 2, chap. 14, Comp. St., is not repugnant to the constitution. It is, however, urged that the ordinance is void because the taxes imposed by it are not uniform in respect to the classes upon which they are levied. The ordinance imposes a fixed sum upon each of the various occupations therein named. The fact that it does not classify each business, and graduate the amount that shall be paid by the person pursuing the avocation according to the amount of business he shall do is not a violation of the rule of uniformity prescribed by both the constitution and statute. It is not an income tax, but a license fee or tax for the privilege of carrying on

business in the city. The ordinance makes no exceptions in favor of nor against one carrying on the business, but operates uniformly on the class to which it applies." The judgment of the lower court was affirmed.

The second question propounded by the plaintiff in error is not answered by any case or authority cited. Nor do I know of any directly in point. In the case of *State v. Green,* 27 Neb., 64, it was held that while a village, and of course a city, has authority to levy a reasonable occupation tax which conforms to the requirements of the constitution and statute; that such tax is a mere civil liability, to be collected by levy and sale of property, and not by arrest and imprisonment.

Section 5 of the ordinance now under consideration makes it a misdemeanor for any person to conduct any business therein taxed, in said city, without having first obtained a license therefor, and declares the penalty therefor to be a fine of not to exceed $100, or imprisonment not to exceed ten days. Under the authority of the case last cited, so much of the said ordinance as purports to authorize imprisonment, and probably that part which declares a penalty by fine, is void; but so much of the ordinance as fixes a civil liability is unaffected by the void portion, and I know of no reason why such liability may not be enforced by suit.

The judgment of the district court is

AFFIRMED.

THE other judges concur.