WESTERN UNION TELEGRAPH COMPANY V. CITY OF FREMONT.

FILED JANUARY 16, 1895.     No. 6208.

Municipal Corporations: OCCUPATION TAX: TELEGRAPH COM-PANIES: INTERSTATE COMMERCE. Regardless of any doubt re-specting the soundness of the conclusion heretofore announced in this cause, the court is bound to adhere thereto by reason of of the decision subsequently rendered in *Postal Telegraph Cable Co. v. City of Charleston*, 14 Sup. Ct. Rep., 1094.

MOTION for rehearing of case reported in 39 Neb., 693.

*Estabrook & Davis*, for the motion.

POST, J.

Although the writer was absent when this case was un-der consideration and expressed no opinion at that time, he was disposed to concur in the views expressed by Com-missioner IRVINE. It seemed that the ordinance involved was a mere device whereby the city under the pretense of a license tax was in reality asserting the right to tax state

business of the plaintiff company. But subsequent to the decision of this case the precise question involved has been determined by the supreme court of the United States in all respects in accordance with the views of the chief justice, speaking for the majority of the court. (See *Postal Telegraph Cable Co. v. City of Charleston,* 14 Sup. Ct. Rep., 1094.) It had been definitely settled by decisions of that court that taxation of the business of telegraph and express companies and other corporations exclusively within the several states is not violative of the interstate commerce provision of the national constitution, although that principle had not previously been applied to municipal bodies so as to authorize the imposition of taxes like those here involved. But the question is no longer an open one so far as the courts of the United States are concerned. Indeed, the case cited appears to be conclusive of every phase of the present controversy, although the opinion therein adds nothing to the reasoning of Judge NORVAL in this. While the rule which permits the imposition of a license tax upon a corporation, whose only business is the receiving and transmitting of messages between a city and distant points, appears to conflict with numerous constructions of the interstate commerce law, it is our duty to accept the settled rule of the federal tribunals as decisive of the question. Concerning a subject of such general importance, and presenting a question cognizable by the courts of the United States, there can properly be no local rule; and it having been definitely settled by those courts, a state court would hardly be justified in adopting if indeed in adhering to a different rule. The motion for a rehearing is accordingly

OVERRULED.