CITY OF YORK ET AL. V. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY.

FILED NOVEMBER 3, 1898.   No. 8408.

1. **Constitutionality of Statute:** PLEADING. When it is claimed that a statute or ordinance is invalid because it is in its substance violative of the fundamental law, the inference of invalidity being one following from the fundamental law as compared with the act in question, it is sufficient to generally allege that it is invalid.

2. ———: ———. When the claim is that such an act or ordinance is invalid, not because of its substance, but because not regularly passed or adopted, the defect in the procedings must be specifically pleaded. It is insufficient to allege generally that it was not legally adopted.

3. Municipal Corporations: Occupation Tax: Railroad Companies: Constitutional Law: Interstate Commerce. A city of the second class adopted an ordinance imposing an occupation tax "on each railroad corporation or company carrying or transporting freight or passengers to or from any point or place within the limits of this city, and to or from any point or place within the limits of this city and any point or place within the limits of this state, and having a depot or place of business within the limits of this city for receiving or discharging such passengers and receiving and delivering such freight. All interstate traffic, commerce, or business of such companies or corporations is hereby excepted and exempted from the levy of such tax." Held, (1) That such ordinance was not violative of the federal constitution as imposing a burden on interstate commerce (Postal Telegraph Cable Co. v. City of Charleston, 153 U. S. 692, followed); (2) that the statute authorizing the imposition of such a tax was not violative of the state constitution (Magneau v. City of Fremont, 30 Neb. 843, followed); (3) that the ordinance was not void because imposing a tax on a business not wholly carried on within the city imposing the tax (Western Union Telegraph Co. v. City of Fremont, 39 Neb. 692, followed); (4) that the ordinance was not an attempt to impose a tax on the depot of the complaining company in addition to the tax arising from the general assessment of its property.

4. ———: ———: ———: ———. The reference to depots and places of business in such ordinance is merely descriptive of the class of corporations to be taxed, and for the purpose of excluding those doing no part of their business within the city.

5. ———: ———. Section 6 of article 9 of the constitution fixes the power of the legislature to authorize municipalities to impose taxes for municipal purposes, and is independent of section 1 of the same article, which authorizes the legislature to directly impose taxes for general purposes. Therefore the limitation of occupation taxes in section 1 to certain named occupations does not forbid taxes on other occupations for municipal purposes alone.

Error from the district court of York county. Tried below before Wheeler, J.  Reversed.

The opinion contains a statement of the case.

*T. E. Bennett,* for plaintiffs in error.

References as to insufficiency of petition: *Campbell v. Morrison,* 7 Paige [N. Y.] 157; *Bank of Orleans v. Skinner,* 9 Paige [N. Y.] 305; *Pelton v. Bemis,* 44 O. St. 51; *Southard v. Dorrington,* 10 Neb. 120; *South Platte Land Co. v. City of Crete,* 11 Neb. 344; *Dundy v. Richardson County,* 8 Neb. 508; *Northern P. R. Co. v. Barnes,* 51 N. W. Rep. [N. Dak.] 386; *Raleigh & G. R. Co. v. Lewis,* 5 S. E. Rep. [N. Car.] 82; *Mace v. Commissioners,* 5 S. E. Rep. [N. Car.] 740; *Pacific Express Co. v. Seibert,* 142 U. S. 339; *Horn Silver Mine Co. v. People,* 12 Sup. Ct. Rep. 403; *Lehigh V. R. Co. v. Pennsylvania,* 145 U. S. 192; *United Line Telephone Co. v. Grant,* 32 N. E. Rep. [N. Y.] 1005; *Odlin v. Woodruff,* 12 So. Rep. [Fla.] 227; *Brewer v. City of Springfield,* 97 Mass. 152; *Dows v. City of Chicago,* 11 Wall. [U. S.] 108.

The ordinance imposing the tax does not violate the constitution of the state. (*Templeton v. City of Tekamah,* 32 Neb. 544; *Magneau v. City of Fremont,* 30 Neb. 843; *State v. Bennett,* 19 Neb. 191.)

The tax is not repugnant to the federal constitution. (*Memphis & L. R. R. Co. v. Nolan,* 14 Fed. Rep. 538; *Osborne v. Mobile,* 16 Wall. [U. S.] 479; *Baltimore & O. R. Co. v. Maryland,* 21 Wall. [U. S.] 456; *Postal Telegraph Cable Co. v. City of Charleston,* 153 U. S. 692; *Richmond & D. R. Co. v. Town of Reidsville,* 8 S. E. Rep. [N. Car.] 124.)

The enumeration in the constitution of certain subjects for taxation does not preclude the legislature from imposing other taxes where there is no prohibition. (*State v. Ream,* 16 Neb. 681; *State v. Lancaster County,* 4 Neb. 537; *Shaw v. State,* 17 Neb. 334; *State v. Dodge County,* 8 Neb. 124.)

Restrictions upon the exercise of the government's power of taxation cannot be raised by implication, but must be expressed in clear and unambiguous language. (*Sawyer v. City of Alton,* 3 Scam. [Ill.] 127.)

*J. W. Deweese* and *F. E. Bishop*, contra.

References as to sufficiency of petition: *Orgall v. Chicago, B. & Q. R. Co.*, 46 Neb. 4; *Sage v. City of Plattsmouth*, 48 Neb. 558; *Bellevue Improvement Co. v. Village of Bellevue*, 39 Neb. 877.

The ordinance imposing the tax is void. It is a charge and regulation upon interstate commerce, and violates the commercial rights guarantied by the national government. (*Southern R. Co. v. City of Asheville*, 69 Fed. Rep. 361; *Gloucester Ferry Co. v. Pennsylvania*, 114 U. S. 196; *Clyde Steamship Co. v. City of Charleston*, 76 Fed. Rep. 46; *Leloup v. Port of Mobile*, 127 U. S. 648; *Ratterman v. Western Union Telegraph Co.*, 127 U. S. 411; *Crutcher v. Kentucky*, 141 U. S. 47; *Webster v. Bell*, 68 Fed. Rep. 185.)

Neither the city nor the state has authority to tax the business of keeping and maintaining a depot which is a necessary instrument of interstate commerce. (*McCall v. California*, 136 U. S. 104; *Norfolk & W. R. Co. v. Pennsylvania*, 136 U. S. 114; *Postal Telegraph Cable Co. v. Adams*, 155 U. S. 688; *Leloup v. Port of Mobile*, 127 U. S. 648; *Crutcher v. Kentucky*, 141 U. S. 58; *Lyng v. Michigan*, 135 U. S. 161.)

The ordinance violates the state constitution. Subjects of taxation are limited to those enumerated in the constitution. (Constitution, art. 9, secs. 1, 6; *Miller v. Wheeler*, 33 Neb. 765; *Updike v. Wright*, 81 Ill. 53; *Pomeroy v. Pomeroy*, 67 N. W. Rep. [Wis.] 430; *Missouri P. R. Co. v. Halcy*, 25 Kan. 35; *Snyder v. Wabash, S. L. & P. R. Co.*, 86 Mo. 613.)

The railroad property, being a unit, is not subject to taxation, except under statutory provision for assessment by the state board. (*Lake Shore & M. S. R. Co. v. City of Grand Rapids*, 60 N. W. Rep. [Mich.] 770; *Gulf R. Co. v. Morris*, 7 Kan. 222; *Chicago & N. W. R. Co. v. Forest County*, 70 N. W. Rep. [Wis.] 79; *Virginia & T. R. Co. v. Washington County*, 30 Gratt. [Va.] 481.)

*F. C. Power*, also for defendant in error.

IRVINE, C.

This was an action by the Chicago, Burlington & Quincy Railroad Company against the city of York and its treasurer, the object whereof was to restrain the defendants from collecting an occupation tax which the city had undertaken by ordinance to levy against the railroad company. An answer was filed admitting certain averments of the petition and denying others, but pleading no material new matter. Next on the record appears a motion for judgment, and in one of the briefs it is stated that judgment was entered on the pleadings in pursuance of the motion; but it appears from the decree itself that the case was heard not only on the pleadings, but on the "statements and admissions of the parties," and the decree contains findings for the plaintiff. An injunction was allowed as prayed. There is no bill of exceptions, and we have, therefore, no means of knowing what were the "statements and admissions" whereon the court found the issues for the plaintiff. We must therefore assume that these statements and admissions were sufficient to sustain the findings, and must review the case solely to ascertain whether the decree was one which might properly be entered under the pleadings. In other words, practically the only question before us is whether the petition stated a cause of action.

The petition alleged that the plaintiff was a corporation owning and operating a system of railroads, one line of which runs from Chicago westerly through Iowa and Nebraska, and extending into the state of Montana; that said line runs through the city of York; that in said city the plaintiff has a depot for its use in the traffic; that plaintiff's business at York consists wholly of receiving and transporting freight and passengers to said depot in said city from points outside of said city inside and outside of the state of Nebraska, and from said depot to points outside of said city in the state of Nebraska and outside of Nebraska; that no portion of plaintiff's

business is confined within the limits of the city. The
petition further avers that the mayor and city council
of York pretended to pass an ordinance entitled "An
ordinance levying a license tax upon occupations and
business within the limits of the city of York, Nebraska;
to raise revenue, and providing for collection of such tax,
and to repeal all ordinances and parts of ordinances in
conflict with the provisions of this ordinance." The es-
sential parts of the ordinance are then pleaded. In its
first section it levies a license tax upon the several occu-
pations and businesses within the limits of the city "in
this ordinance hereinafter enumerated, to raise revenues
thereby in the several different sums on the several dif-
ferent businesses and occupations respectively, as fol-
lows." The fourth section is as follows: "The sum of
$50 on each railroad corporation or company carrying
or transporting freight and passengers to and from any
point or place within the limits of this city, and to and
from any point or place within the limits of this city
and any point or place within the limits of this state,
and having a depot or place of business within the limits
of this city for receiving and discharging such passengers
and receiving and delivering such freight. The inter-
state traffic, commerce, or business of such companies or
corporations is hereby excepted and exempted from the
levy of such tax." The ordinance also provides for en-
forcement of the tax by distress and sale of personal
property. The petition then alleges that the defendants
threaten to enforce payment by plaintiff of such tax by
distress of its property within the city; that the city had
no power or authority to pass the ordinance or impose
a tax or license upon plaintiff in its occupation or busi-
ness in said city; that the ordinance is in contravention
of the constitution of Nebraska and the constitution of
the United States, and, if enforced, results in double tax-
ation of plaintiff. The petition also contains the fol-
lowing averment: "The plaintiff alleges that said ordi-
nance * * * was never passed legally and as by law

provided so as to make it a valid ordinance." So far as the last averment is concerned it is clearly the pleading of a conclusion of law without any pleading of any ultimate traversable facts which would lead to such conclusion. When an act is legal or illegal because of the existence or non-existence of certain facts, those facts must be pleaded. The mere assertion of illegality is not enough. It tenders no issue. Moreover, from certain special findings it is clear that the court did not act on this averment, so that we are relegated to an investigation of the legality of the ordinance, assuming that it was regularly passed. We think this question is properly raised by general averments that it was such an ordinance as the city had no authority to pass; because when the terms of the ordinance are pleaded, its validity or invalidity on this ground are solely inferences of law from the facts pleaded.

The attack on the validity of the ordinance may be analyzed as follows: First, that it is in violation of the interstate commerce clause of the federal constitution; second, that it was passed under a pretended authority contained in the charter of the city, which, under the constitution of the state, the legislature had no power to confer; third, that it undertakes to tax business in part, at least, not conducted within the city; and fourth, that it is an attempt to indirectly retax the company's station or depot property after the same had already been assessed and taxed in pursuance of the general law.

1. The argument on the first head is that the ordinance necessarily imposed a burden on the interstate business of the company. It will be observed that the ordinance contains an express exception from its operation of such interstate business. In this aspect the case is precisely analogous to *Western Union Telegraph Co. v. City of Fremont*, 39 Neb. 692, 43 Neb. 499. After the decision of that case, and before a motion for rehearing was ruled upon, the supreme court of the United States announced a similar opinion in *Postal Telegraph Cable Co. v. City of*

*Charleston*, 153 U. S. 692. We must therefore hold, following those cases, that the ordinance infringes no right of plaintiff under the federal constitution.

2. Under the second head attention is called to sections 1 and 6 of article 9 of the constitution of Nebraska. Section 1 is as follows:

"The legislature shall provide such revenue as may be needful, by levying a tax by valuation, so that every person and corporation shall pay a tax in proportion to the value of his, her or its property and franchises, the value to be ascertained in such manner as the legislature shall direct, and it shall have power to tax peddlers, auctioneers, brokers, hawkers, commission merchants, showmen, jugglers, inn-keepers, liquor dealers, toll bridges, ferries, insurance, telegraph and express interests or business, venders of patents, in such manner as it shall direct by general law, uniform as to the class upon which it operates."

"Section 6. The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes, but such taxes shall be uniform in respect to persons and property within the jurisdiction of the body imposing the same."

The argument on this head is that section 1 contains a special provision authorizing occupation taxes on certain occupations named in the section, without general words, and that this prohibits the imposition of any such taxes on occupations not within the classes enumerated; that the sixth section was adopted with reference to the first, and applies only to local assessments and taxes based on the general valuation of property. The argument, it must be conceded, has great force, but we do not think it is sound, and it is contrary to the past decisions of this court. In the following cases the general

power of the legislature to authorize municipalities to impose occupation taxes has been recognized: *State v. Bennett*, 19 Neb. 191; *City of Columbus v. Hartford Ins. Co.*, 25 Neb. 83; *State v. Green*, 27 Neb. 64; *Magneau v. City of Fremont*, 30 Neb. 843; *Templeton v. City of Tekamah*, 32 Neb. 542; *Western Union Telegraph Co. v. City of Fremont*, *supra;* *German-American Fire Ins. Co. v. City of Minden*, 51 Neb. 870. It is true that in most of these cases the tax in question was levied upon an occupation described in section 1 of article 9 of the constitution, but that is not true of *Templeton v. City of Tekamah* or *Magneau v. City of Fremont*. An inspection of the record in the latter case discloses that the suit was brought by a large number of persons engaged in divers lines of business, many of them not within the enumerated classes. The question here presented was there distinctly raised and argued, and by the court decided adversely to the claim of plaintiff. The decision was largely based on the similarity between our constitutional provisions and those of Illinois, and the construction which had been placed on the Illinois constitution by the supreme court of that state prior to the adoption of our constitution. (*Wiggins v. City of Chicago*, 68 Ill. 378.) It was said in the opinion that sections 1 and 6 of article 9 of our constitution "are identically the same as sections 1 and 9 of article 9 of the constitution of Illinois." Counsel now call our attention to the fact that there is a difference between section 1 of our constitution and the cognate section in Illinois, in that the Illinois constitution, after enumerating the same occupations as ours, adds certain general words. Our attention is also called to the fact that there is another section of the Illinois constitution in express terms rendering specific sections authorizing taxation not exclusive of power to impose other taxes. Still we think the error in statement in *Magneau v. City of Fremont* was verbal only; that the case cited from Illinois was justly entitled to the effect there given it, and that the construction there adopted was correct. Section 6 of our consti-

tution and the cognate section of the Illinois constitution are identical. In *Wiggins v. City of Chicago* the tax complained of was imposed upon an auctioneer, who was actually within the enumerated classes upon whom an occupation tax by the express terms of the constitution might be imposed, and the argument there was that, inasmuch as the legislature was granted power to directly tax such occupations, it could not impose a double tax by authorizing a municipality to also tax them. The court held that taxation for general state and county purposes, and taxation for municipal purposes, were distinct; that the imposition of the tax for each was not a double taxation; and that the grant of power in section 1 did not prevent the legislature, under section 6, from authorizing an occupation tax for municipal purposes, whether or not the occupation taxed was one enumerated in section 1. Such, no doubt, we think, is the force of our constitution. Section 1 fixes the power of the legislature to provide general revenues. Section 6 fixes its power to authorize municipalities to raise revenue for municipal purposes. By section 7 the legislature is forbidden to impose taxes upon municipal corporations, or upon the inhabitants or property thereof, for corporate purposes. This section shows the distinction regarded by the constitution when it authorized the legislature directly to provide revenue by levying taxes and gave it power to tax peddlers, etc., and when in a separate article it gave it power, not to levy a tax for municipal purposes, but to authorize the municipalities themselves to do so. The provisions of section 1 have nothing to do with those of section 6; and the reasons, aside from those already given for holding that the levying of an occupation tax on classes not within section 1 is within the power granted by section 6, are so well stated in *Magneau v. City of Fremont* that we need not here repeat them.

3. The plaintiff contends that it does no business, either by way of transporting freight or passengers, from one point within the city of York to another point within

the city of York; that its entire business connected with York is to carry freight and passengers from points without the city into the city, and from the city to points without the city; that no portion of its business can properly be considered business within the city, and that the city can, therefore, not properly impose a tax on such business. A precisely similar point arose with regard to the transmission of telegrams in *Western Union Telegraph Co. v. City of Fremont, supra,* and the decision was adverse to the plaintiff's position. The writer dissented in that case from the opinion of the court, and he is still of the opinion that the position of plaintiff on that question is well taken, but the case cited was decided after full hearing and deliberation. The majority opinion in that case voiced the final and mature judgment of all the judges and commissioners, except Judge Post and the writer, and Judge Post, in the opinion denying a rehearing, 43 Neb. 499, while expressing an inclination to the writer's views, felt compelled, after the decision of the supreme court of the United States in *Postal Telegraph Cable Co. v. Charleston,* to adopt the conclusion of the majority. That view must now be adhered to.

4. So far as the plaintiff assails the ordinance on the ground that it is an attempt to doubly tax its depot, we think it clearly mistakes the effect of the ordinance. The tax is not imposed upon the depot or place of business, but it is imposed upon the occupation of carrying freight and passengers to and from the city, and is restricted to those corporations having a depot or place of business within the limits of the city for the transaction of such business. The words are used merely as defining the class to which the tax applies, and for the purpose of excluding from its operation any railroad company which might perform some part of the work of carrying freight or passengers to or from the city, but which had no place of business within the city. Such a company, so far as its part of the work is concerned, would perform no

part of it within the city, and would not be amenable to city taxation. The restriction of the tax to companies actually operating within the city was all that was intended by this phrase. It does not operate, directly or indirectly, as a tax on the depot.

The ordinance is not invalid for any of the reasons asserted, and the sufficiency of plaintiff's petition depending upon its invalidity, the petition stated no cause of action, and the plaintiff was not entitled to the relief granted.

REVERSED AND REMANDED.