### JAMES E. PULVER V. STATE OF NEBRASKA.

FILED FEBRUARY 6, 1909. No. 15,875.

1. **Cities: ORDINANCES: POWER TO SUSPEND.** The mayor of a city has no power to suspend the operation of a city ordinance which contains no provision in itself empowering him so to do.

2. **Intoxicating Liquors: ORDINANCES: VIOLATION: INTENT.** Where a licensed saloon-keeper is prosecuted for the violation of a city ordinance forbidding him to keep his place of business open after 11 o'clock P. M., and such act is shown to have been committed by an agent in charge of such business, it is unnecessary to show any guilty intent on the part of the owner, such prosecution being in the nature of a civil action to recover a penalty.

ERROR to the district court for Kearney county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. L. McPheeley,* for plaintiff in error.

*M. D. King, contra.*

CALKINS, C.

An ordinance of the city of Minden regulating the issuance of licenses for the sale of intoxicating drinks made it unlawful for any person licensed to keep his place of business open or sell any liquors after the hour of 11 o'clock P. M., whether by himself or his clerk. The plaintiff in error was convicted in the police court upon a charge of violating this provision of the ordinance, and, having appealed from said conviction to the district court, he was again tried and found guilty. From a judgment imposing a fine of $25 and costs he brings error to this court.

1. It is admitted that the plaintiff in error was a licensed saloon-keeper, and that his saloon, which was at the time in the care of his son, was on the date mentioned in the charge kept open until 11:15 P. M.; but it is urged as a defense to the charge that the mayor of the city gave

permission to the saloon-keepers thereof to keep their places of business open on this particular night until midnight. This fact does not constitute a defense. The mayor has no power to suspend the operation of an ordinance of the city which contains no provision in itself empowering him to do so. *Commonwealth v. Worcester*, 20 Mass. 462.

2. It is further urged that the guilty intent necessary in criminal prosecutions is wanting in this case for two reasons: First, because the party in charge of the saloon acted in good faith upon the authority of the mayor, which he supposed was sufficient; and, second, because the plaintiff in error himself was away from home and did not have any knowledge of nor in any way participate in the act with which he is charged. There is no merit in the first contention. Ignorance of law does not excuse. The intent required in a criminal case is not to break the law, but to do the forbidden act. •1 Bishop, Criminal Law (8th ed.), sec. 300. The second reason is equally untenable, because here the charge is a violation of a city ordinance, not embracing any offense made criminal by the laws of the state. This proceeding, while in form a criminal prosecution, is in fact a civil action to recover a penalty. *Peterson v. State*, 79 Neb. 132. The law of master and servant applies, and the former is responsible for the acts of the latter in the conduct of his business, whether committed with or without his knowledge.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.