WALTER S. CLEAVER, APPELLEE, v. JOHN C. JENKINS, MAYOR, ET AL., APPELLANTS.

FILED JUNE 11, 1909. No. 15,729.

Fines: COLLECTION. A police judge in cities of the second class having a population of more than 1,000 and less than 5,000 is authorized by law to issue execution against the property of one who has been fined for a violation of city ordinances for the collection of such fine and accrued costs.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Reversed and dismissed.*

*O. A. Williams,* for appellants.

*E. D. Kilbourn, contra.*

REESE, C. J.

Plaintiff commenced his suit in the district court for Antelope county, seeking an injunction against the mayor, police judge, city attorney and city marshal of the city of Neligh. The petition is of great length, and contains many averments in support of which no evidence was offered upon the trial. It is alleged that plaintiff is a druggist in said city, and, in connection with his drug business, deals in cigars, soda water and ice cream. The mayor and council of said city passed certain ordinances prohibiting the desecration of the Sabbath and the engaging in certain lines of business within the city on that day. In the pleadings and testimony of the witnesses, mention is made of an ordinance referred to as "No. 70," but, as there is no copy of said ordinance in the record, no further reference need be made to it, except to say that it will be presumed that the ordinance and all proceedings had under it were regular and legal. Ordinance number 92 is set out in the petition, and is admitted to be correctly copied, and in force. This ordinance is in the usual form of those adopted prohibiting persons from engaging in business on the Sabbath, but excepts from its provisions physicians, hotels, railroad offices, telephone offices, trains, livery stables, drug stores and restaurants for necessary purposes, vendors of ice, bread and milk. There is a provision in the ordinance that "drug stores may open only when called upon for the sale of medicines or surgical apparatus, when necessary, and it shall be unlawful for such drug store to sell any ice cream, soda water, cigars, malt, spirituous or vinous liquors, or other commodities other than medicines or surgical apparatus, or to be open and allow persons to congregate therein upon said day." It is alleged that the officers of the city, the defendants, have conspired together to cause his place of business to be watched, his customers to be persuaded to keep away from his drug store on the day named, and, in effect, that a condition of espionage has been main-

tained over his business for the purpose of injuring the same, while restaurant and hotel keepers who are in competition with him are permitted to sell ice cream, soda water and cigars. The inference to be drawn from the petition is that plaintiff is of the opinion that the ordinance imposed upon him an unjust discrimination, and because restaurant keepers may dispense ice cream, soda water and cigars, he should have the same right; in other words, that he should be permitted to sell 'such articles as others are permitted to supply to their customers on that day. In *Liberman v. State,* 26 Neb. 464, we said: "While a drug store may be kept open for necessary purposes, yet it is not provided that the proprietor may engage in indiscriminate trade on Sunday, but, evidently, that he may sell such medicines, and only such, as are necessary to relieve the actual necessities of the public on that day. There is no discrimination in the ordinance against plaintiff's business, and it is not void." The penalty provided by the ordinance for its violation is a fine not to exceed $50 and costs of prosecution for each offense, and that the person found guilty shall be committed until the fine and costs are paid. Plaintiff was informed against upon several occasions, charged with a violation of the ordinance, and, upon being found guilty, a fine and judgment for costs were assessed against him. He did not pay the fines or costs, nor was he imprisoned, but at a later day executions were issued and placed in the hands of the sheriff for collection. The prayer of the petition is for a preliminary injunction restraining the defendants from molesting him "from opening his store on the first day of the week, commonly called Sunday, for the purpose of compounding and sale of prescriptions of medicines, or the sale of medicines or surgical apparatus, when necessary, and from selling any or either of the same upon said day, and from remaining open for said purpose; from issuing an execution for the purpose of levying upon the property, or from levying the same after the same might be issued, for the collection of the fines, as aforesaid, and

that all parties acting under and through them, or either of them, and especially under the direction or order of the said defendant, John M. McAllister, as police judge of the city of Neligh, and that said defendants, or either of them, be restrained from remaining about the drug store of this plaintiff for the purpose of trying to turn parties away from entering said store on the first day of the week, commonly called Sunday, for the purpose of purchasing any medicine or prescription, as aforesaid, and from doing anything to injure the business of this plaintiff as set forth herein; and that on the final hearing of said cause said order of injunction be made perpetual, and for such other relief as may be just and equitable."

Answers were filed by Williams, the city attorney, and McAllister, the police judge, but no answer by the mayor or city marshal appears in the transcript. The term of office of the city marshal having expired, he seems to have dropped out of the case. The answers filed admit the official character of the answering defendants; that plaintiff was a druggist; that the other parties named in the petition as hotel and restaurant keepers were engaged in business as alleged; the passage of the ordinance named; the filing of the complaints against plaintiff, the proceedings thereunder substantially as alleged and shown by exhibits; and deny all other allegations. A trial was had which resulted in the dismissal of the case against Jenkins, the mayor, and finding "that the defendants Otis A. Williams, city attorney, and John McAllister, police judge, threaten to cause execution to issue and be levied upon the property of plaintiff to enforce the payment of said fines as alleged in the petition, and finds for the defendants upon all other matters in issue." The injunction was made perpetual as to Williams, city attorney, and McAllister, police judge, and the costs were taxed against them. From this they appeal. No brief has been filed by plaintiff, appellee.

Since the finding of the court was in favor of the defendants upon all issues except the one named, we conclude

that all questions except the right or power of the police judge to issue executions on his judgments for fines and that of the sheriff to enforce the same were decided in favor of defendants. The one question alone remains, which is that a fine imposed by a municipal court in cities of the class to which Neligh belongs cannot be collected by execution process. We are aware that this is unjust to the trial judge, but can see no other solution. It is not the duty of the trial judge to journalize his decisions and judgments, and therefore no censure is meant for him in what we here say. It is the duty of counsel to see that the clerk makes proper journal entries in decrees and judgments, and had attention been given to this, as it should have been, the record would probably not have been left in the condition in which we find it. We therefore examine the one question.

Section 72, art. I, ch. 14, Comp. St. 1907, being in the charter for cities of the second class and villages, provides: "Fines may in all cases, and in addition to any other mode provided, be recovered by suit or action before a justice of the peace, or other court of competent jurisdiction, in the name of the state. And in any such suit or action where pleading is necessary, it shall be sufficient to declare generally for the amount claimed to be due in respect to the violation of the ordinance, referring to its title and the date of its adoption or passage, and showing as near as may be the facts of the alleged violation." In *Peterson v. State*, 79 Neb. 132, at page 142, after copying this section, we said: "From this it will be seen that the legislature contemplated a civil action for the recovery of a fine imposed for the violation of an ordinance, and in such case clear and satisfactory proof of the violation would certainly be sufficient to warrant a recovery." Section 30 of the same chapter of the statute provides that execution may issue against the sureties where a judgment is replevied or stayed for 90 days, as in the section provided, if the fine is not paid at the expiration of said time. There is an intimation that

this method of collecting fines is exclusive, and that no execution can issue unless the surety is given and judgment rendered as provided, but we do not so read it. The object of that provision evidently was to provide a summary and sure method of holding sureties should the fine not be paid; in other words, that the defendant might take the time in which to pay the fine if the surety were given, but that it should not be necessary to institute suits upon the undertaking in such cases. We think these sections give ample authority for issuing executions in such cases, but, were such not the fact, we think the general authority exists. 1 Bishop, New Criminal Procedure (4th ed.), sec. 1303; *Gill v. State,* 39 W. Va. 479, 45 Am. St. Rep. 928; *Kane v. People,* 8 Wend. (N. Y.) 203; 19 Cyc. 549; 1 Freeman, Executions (3d ed.), sec. 16. A prosecution for the violation of an ordinance, the act charged not being a violation of the criminal laws of the state, is a civil action, and it is quite probable that the provisions of sections 1047 and 1048 of the code giving authority to justices of the peace to enforce their judgments by execution might be applicable. But, if for any reason it should be found that the provisions of the criminal code would have to be applied, it is equally probable that sections 328 and 521 of that code gives authority to issue executions.

It follows that the judgment of the district court will have to be reversed and the action dismissed, which is done.

REVERSED AND DISMISSED.