WESTERN UNION TELEGRAPH COMPANY, APPELLANT, V. CITY OF FRANKLIN ET AL., APPELLEES.

FILED MAY 17, 1913. No. 17,205.

1. Licenses: OCCUPATION TAX: PENALTY: VALIDITY. The penal provisions of an occupation tax ordinance, which provides for the enforcement and collection of the tax by the imposition of a penalty or fine, are valid and enforceable. *Rosenbloom v. State*, 64 Neb. 342.

2. ———: ———: ———: ENFORCEMENT. Where a city ordinance provides that a refusal or neglect to pay an occupation tax shall render the person or corporation in default liable to a fine, and provides, further, that the suit shall be brought in the name of the state, "and may be commenced by a warrant and arrest of the person or persons against whom the suit is brought, or may be commenced by a common summons," the police court of the city has jurisdiction to render judgment for the fine or penalty, whether the defendant is brought into court by warrant and arrest or by the service of summons.

APPEAL from the district court for Franklin county: HARRY S. DUNGAN, JUDGE. *Affirmed*.

W. C. Dorsey, for appellant.

C. C. Flansburg, L. A. Flansburg and H. Whitmore, contra.

LETTON, J.

In 1909 the city of Franklin adopted an ordinance levying an occupation tax of $10 a year upon each telegraph company transacting intrastate business within the limits of the city. Plaintiff refused to pay the tax. The city then brought an action in police court in the name of the state of Nebraska for the city of Franklin, as plaintiff, and against the plaintiff herein, for the recovery of $10 for the tax and for a penalty of $50 for neglect to pay the same. The defendant in that case made a special appearance objecting to the jurisdiction of the police court, which was overruled, and on the same day, after taking testimony, a judgment was rendered as prayed. Defendant attempted to appeal to the district court, but the appeal was dismissed on the motion of the city, on the ground that the appeal was not properly taken. An action against the principal and surety upon the appeal bond was then brought by the city in justice court.

The present action was brought to restrain the maintenance of that action and the enforcement of the judgment, on the ground that it was void for want of jurisdiction, that the city is harassing and annoying defendant with a multiplicity of suits, and that plaintiff has no adequate remedy at law. Issues were made up, the city pleading the validity of all proceedings. A motion for judgment on the pleading made by defendant was sustained and the cause dismissed. Plaintiff appeals.

The principal point argued by the appellant is that the police judge had no jurisdiction to render the judgment complained of, for the reason that his jurisdiction is purely criminal in its nature, the statute providing that he shall have jurisdiction of "offenses against the ordinances of the city." The case of *German-American Fire Ins. Co. v. City of Minden,* 51 Neb. 870, is cited as authority for the proposition that an attempt to fix a criminal penalty for failure to pay an occupation tax is void, and collection can only be made by civil suit. Section 6 of the city ordinance

48

provides that any person, corporation, etc., who shall refuse or neglect to pay the tax, shall be liable to a fine of not less than $5 nor more than $100, and the court may commit to the county jail or to the city jail any person or persons against whom such fine shall be assessed until the fine shall be paid. It also provides: "Every suit brought under this section shall be in the name of the State of Nebraska, and may be commenced by a warrant and arrest of the person or persons against whom the suit is brought or may be commenced by a common summons." The doctrine of the case relied upon, and of the cases of *State v. Green*, 27 Neb. 64, *Magneau v. City of Fremont*, 30 Neb. 843, and *Templeton v. City of Tekamah*, 32 Neb. 542, upon which the decision in the *Minden* case was based, holding that an occupation tax could not be collected by fine and imprisonment, was reconsidered and overruled in *Rosenbloom v. State*, 64 Neb. 342, in which it was held that the provisions of section 154, ch. 77, art. I, Comp. St. 1901, authorizing fine and imprisonment as a means of enforcing the payment of a tax on occupations, are valid. This case seems to be in line with the weight of authority. *Salt Lake City v. Christensen Co.*, 34 Utah 38, 95 Pac. 523, 17 L. R. A. n. s. 898. The police judge, under the charter, has the power to punish the violation of city ordinances. The ordinance itself provides that the proceedings may be commenced either by warrant and arrest or by common summons. We have held that proceedings before a police judge to recover penalties for violation of city ordinances, which are not violative of the criminal laws of the state, while criminal in form, are of the nature of civil suits. *Peterson v. State*, 79 Neb. 132; *Pulver v. State*, 83 Neb. 446; *Cleaver v. Jenkins*, 84 Neb. 565. It seems clear that the police judge had jurisdiction of the person of the defendant and of the subject matter, and, even if erroneous, his proceedings were not void and the judgment subject to collateral attack.

As to plaintiff's contention that it was denied the right of appeal on account of the court striking the appeal bond

from the files, if there was error in making this ruling, plaintiff had a complete and adequate remedy by appeal to this court. Plaintiff has not stated facts which permit a resort to equity for relief against the maintenance of the suit or the enforcement of the judgment.

The judgment of the district court is therefore

AFFIRMED.

REESE, C. J., ROSE and FAWCETT, JJ., concur.

BARNES, SEDGWICK and HAMER, JJ., not sitting.