NEBRASKA NATIONAL BANK V. HENRY W. PENNOCK.

| 59 | 61 |
|----|-----|
| 61 | 857 |

FILED OCTOBER 5, 1899.    No. 10,695.

1. Bill of Exceptions: NEW TRIAL. The validity of a bill of exceptions does not depend upon the time within which a motion for a new trial is filed.

2. Time to File Motion for New Trial. A motion for a new trial, to be of any avail, must be filed at the term of court the verdict or decision is entered, and, except for newly-discovered evidence, within three days after the rendition of such verdict or decision.

3. ———: JOURNAL ENTRIES. The delay of the clerk of the court in spreading the verdict or decision on the court journal will not have the effect to extend the time within which to file a motion for a new trial.

ERROR from the district court of Douglas county. Tried below before SLABAUGH, J.  Affirmed.

Warren Switzler, for plaintiff in error.

J. R. Webster and Henry W. Pennock, contra.

NORVAL, J.

This is the second appearance of the cause in this court, the opinion on the former hearing being reported in 55 Nebr., 188. Subsequent to the entry of the judgment of reversal a new trial was had in the court below, which terminated in a judgment in favor of the plaintiff in the sum of $91.41. The bank prosecutes a petition in error.

The defendant below has filed a motion to quash the bill of exceptions for the reason that the motion for a new trial was not filed by the plaintiff in the court below within three days after the decision was rendered. This motion is not well taken and must be overruled. The

validity of a bill of exceptions in no manner depends upon the time the motion for a new trial is filed. Indeed, a bill of exceptions may be allowed, although no motion for a new trial should be made in the cause.

The amended transcript shows the cause was tried in the court below without the intervention of a jury, and the decision and judgment were rendered on February 13, 1899, and that the motion for a new trial was not filed until February 17, or four days later. By section 316 of the Code of Civil Procedure it is provided: "The application for a new trial must be made at the term the verdict, report or decision is rendered, and, except for the cause of newly-discovered evidence material for the party applying which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Except for the causes enumerated in the foregoing section a motion for a new trial must be filed within three days after the entry of the decision or verdict. The provisions of the statute are not directory merely, but are wholly mandatory, and a motion for a new trial filed out of time is of no avail and can not be considered, unless an earlier filing was unavoidably prevented, or the motion is based upon the ground of newly-discovered evidence. See *Fox v. Meacham,* 6 Nebr., 530; *Roggencamp v. Dobbs,* 15 Nebr., 620; *Aultman v. Leahey,* 24 Nebr., 286; *Davis v. State,* 31 Nebr., 240; *McDonald v. McAllister,* 32 Nebr., 514. Plaintiff not having brought itself within the exception contained in the statute by showing the filing of the motion for a new trial within three days was "unavoidably prevented," its motion is unavailing and the grounds stated therein can not be considered.

It is, however, contended that, as the judgment was not entered on the journal of the trial court until February 14, the motion was filed in time. This position is unsound. The statute requires, with certain exceptions, that the motion for a new trial shall be filed "within

Davidson v. Gretna State Bank.

three days after the verdict or decision was rendered," and not three days after the clerk has spread the decision upon the court records. As the alleged errors assigned in the motion for a new trial can not be reviewed, and no others have been brought to our attention by the petition in error or in the briefs filed, the judgment must be

AFFIRMED.