GEORGE CARMACK, APPELLANT, v. LOUIS ERDENBERGER, APPELLEE.

FILED NOVEMBER 22, 1906.   No. 14,506.

1. Appeal: MOTION FOR NEW TRIAL.  The change made by the act of 1905 in the procedure to obtain a review of a judgment at law in a civil case leaves the rule with respect to the necessity of a motion for a new trial unchanged.

2. New Trial: PROCEDURE. The statute requiring a motion for a new trial to be in writing and filed during the term at which the "verdict, report or decision" is rendered, and, except for the cause of newly discovered evidence, within three days after the verdict or decision is rendered, unless unavoidably prevented, is mandatory.

3. ———: POWER OF COURT. A court has no authority to rule on a motion for a new trial which has not been filed and is not before it, in anticipation that such motion may be subsequently filed.

4. Appeal: MOTION FOR NEW TRIAL. A motion for a new trial, filed out of time and not coming within any of the exceptions of the statute, is of no avail for the purposes of a review of errors in this court.

APPEAL from the district court for Cedar County: GUY T. GRAVES, JUDGE. Affirmed.

B. Ready and C. H. Whitney, for appellant.

J. C. Robinson, contra.

ALBERT, C.

This is an appeal from a judgment at law. The errors assigned are with respect to rulings made during the trial proper, and the sufficiency of the evidence to sustain the judgment. In short, only such errors are assigned as have been heretofore required to be brought to the attention of the trial court by motion for a new trial in order to obtain a review in this court.

Two questions are presented which, in our opinion, are decisive of this case. The first is: Has the amendment to our appellate procedure changed the rule with respect to a motion for a new trial in an action at law? This question must be answered in the negative. The reasons underlying the rule requiring the motion for a new trial are as urgent and forceful under the amended procedure as under the procedure whereby a review was obtained by a petition in error. As was said in State v. Swarts, 9 Ind. 221: "It is due to the lower court that its errors, if

any, should be pointed out there, so that it may retrace its steps while the record is yet under its control." In *Mills v. Miller,* 2 Neb. 299, 317, this court said: "Before a party is entitled to be heard here, he must have exhausted his remedy in the court below. For that purpose he must have presented the several questions of law fairly and fully, and must have obtained an unequivocal ruling thereon." The language in both of those cases is quoted with approval in *Cropsey v. Wiggenhorn,* 3 Neb. 108. The exception with respect to suits in equity was due to the fact that an appeal from a decree in such suits under the former statute brought the case here for trial *de novo,* and not for a review of errors of law.

The next question is: Does the record show that the alleged errors were brought to the attention of the trial court by motion for a new trial in the manner required by law? The judgment was rendered on the 5th day of June, 1905, and the term at which it was rendered adjourned *sine die* on the following day. Up to the time of final adjournment no motion for a new trial had been filed, although following the judgment entry, and of the date of the judgment, is an order overruling a motion for a new trial. Two days after the final adjournment of the term a motion for a new trial was filed. Section 316 of the code provides: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." The motion in this case is not based on the ground of newly discovered evidence, nor is there any showing that its filing in due time was unavoidably prevented; hence, the general provisions of the statute control. In *Fox v. Meacham,* 6 Neb. 530, it was held that a motion filed out of term was of no avail, unless falling within the exception mentioned in the statute. In that case the court

quoted with approval *Williams v. St. Louis Circuit Court,* 5 Mo. 248, to the effect that, although the motion be filed out of time, the court, upon a suggestion that substantial justice had not been done, might look into the matter or not; but, if it should refuse to do so, error would not lie. This court has never departed from the rule announced in *Fox v. Meacham, supra.* It was reaffirmed in *Nebraska Nat. Bank v. Pennock,* 59 Neb. 61, where the court, going a little farther, held that the provisions of the statute as to the time for filing a motion for a new trial were not directory, but mandatory, citing a large number of cases in support of that proposition.

The appellant contends that the record with respect to a motion for a new trial discloses a common practice; that is, that the courts frequently, during the hurry incident to the closing days of the term, rule on a motion in anticipation of one to be filed subsequently, and that, where this is done, the defeated party by custom is allowed to file his motion at any time within three days from the adjournment of the term. The trouble with that contention is that the alleged custom runs counter to the statute. Section 317 of the code provides that the application for a new trial must be by motion, upon written grounds, filed at the time of making the motion. Under the statute there is no such thing as an oral motion for a new trial, because the statute is mandatory that the application must be made by motion, upon written grounds, filed at the time of making the motion. The court has no authority under the statute to pass on a motion that has not been filed, or in anticipation of one being filed. It is also insisted that the appellee is precluded from raising this question, because he made no objection or protest in the district court. We are unable to see how he was called upon to enter a protest at that time. The ruling of the court in anticipation of a motion to be filed was in his favor, and we know of no way he could have prevented the filing of a motion in vacation, had he undertaken to do so. The errors assigned in this

court are of such a character that they are reviewable only after they have been brought to the attention of the trial court by motion for a new trial. The motion filed was filed out of time, and, under the repeated holdings of this court, is of no avail. It necessarily follows that the errors complained of cannot be reviewed in this court, and, consequently, that the judgment of the district court, supported, as it is, by the pleadings, must be affirmed.

It is recommended that the judgment of the district court be affirmed.

DUFFIE and JACKSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.