WILLIAM D. TULLY, ADMINISTRATOR, APPELLEE, V. GRAND ISLAND TELEPHONE COMPANY ET AL., APPELLEES; FAIRMONT CREAMERY COMPANY, APPELLANT.

FILED NOVEMBER 16, 1910. No. 16,877.

1. **Holidays: FILING MOTION FOR NEW TRIAL.** The clerk of a district court has authority to receive and file a motion for a new trial on May 30.

2. ——: ——: **PRESUMPTIONS.** The court will not presume that the clerk's office was closed during May 30, nor assume that, because the last day within which a motion for a new trial might be filed fell upon Memorial day, the defeated litigant was unavoidably prevented from filing its motion within the time prescribed by law.

APPEAL from the district court for Hall county: JAMES R. HANNA, JUDGE. *Motion to strike bill of exceptions overruled.*

*Greene & Breckenridge,* for appellant.

*O. A. Abbott, A. G. Abbott, W. H. Thompson, Charles G. Ryan, F. W. Ashton* and *B. H. Paine, contra.*

ROOT, J.

The plaintiff requests us to strike the bill of exceptions from the files because the motion for a new trial was not filed in the office of the clerk of the district court within three days after verdict. The motion is overruled. *Nebraska Nat. Bank v. Pennock,* 59 Neb. 61. Counsel in their oral argument requested us to consider whatever error was committed by the district court in striking the motion from the files. The verdict was returned Thursday, May 26, 1910. May 29 was Sunday, the following day was Memorial day, and the motion was filed Tuesday, May 31. Section 316 of the code provides that motions for a new trial "must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." These provisions are mandatory. *Fox v. Meacham,* 6 Neb. 530; *Brown v. Ritner,* 41 Neb. 52; *Carmack v. Erdenberger,* 77 Neb. 592.

But the defendant insists that, since the third day after the verdict was returned fell upon Sunday, that day should be excluded in computing time, and, since the next succeeding day was a holiday, it also should be excluded, and that the motion was filed within the time provided by law. Section 895 of the code provides: "The time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." In *Johnston v. New Omaha T.-H. E. L. Co.,* 86 Neb. 165, we held that the legislature intended by the enactment of section 895, *supra,* to establish a uniform rule with respect to legal procedure. Section 38, ch. 19, Comp. St. 1909, provides that, with certain named exceptions, no court can be opened, or judicial business transacted, on Sunday or on a legal holiday. Section 195, ch. 41, Comp.

St. 1909, provides that Memorial day shall be considered a legal holiday for the purposes of the negotiable instruments' act. Section 241a of the criminal code prohibits horse racing and other sports upon Memorial day. But there is no statute prohibiting or declaring illegal the transaction of ordinary business or the performance of ministerial official acts upon May 30. The act of a clerk in filing a motion for a new trial is ministerial, and not judicial. *In re Worthington,* 30 Fed. Cas., No. 18,051. Statutes commanding the suspension of official business upon holidays should be construed so as to prohibit only such acts as are in express terms or by clear implication within the purview of the act. *Whipple v. Hill,* 36 Neb. 720; 21 Cyc. 445; *Lord v. Gifford,* 67 N. J. Law, 193.

It does not appear that the clerk of the district court of Hall county was not in his office May 30, 1910, or that any attempt was made by the defendant to file its motion upon that day. Counsel do not argue that their client was unavoidably prevented from filing the motion on May 30, and there is nothing in the record to bring it within the exception of the statute.

The district court therefore committed no error in striking the motion from the files. We do not desire to be understood as holding or suggesting that a court may or may not transact judicial business on Memorial day. That question is not involved in this case.

MOTION OVERRULED.