CLARK SUMMERS, APPELLEE, v. WILLIAM CHISHOLM ET AL.,
APPELLANTS.

FILED MAY 23, 1911. No. 16,462.

1. **Justice of the Peace: APPEAL: TRANSCRIPT: AMENDMENT.** Where an
appeal has been taken from a justice court to the district court,
and it clearly appears that in preparing the transcript the jus-
tice has inadvertently omitted a portion of the proceedings in his
court, or has failed to include or mention a paper filed therein,
the district court may, in the furtherance of justice, permit the
transcript to be amended or the missing paper supplied, and it
would be error to refuse such permission.

2. ———: ———: **PLEADING.** In making up the issues in the district
court, it is proper for the plaintiff to file a reply denying the alle-
gations of the defendants' answer, and, if the identity of the
cause of action tried in the justice court has been preserved by
the petition and answer, the filing of a reply does not change the
issues.

3. **New Trial, Motion for: TIME.** The statute requiring a written
motion for a new trial to be made at the term at which the ver-
dict was rendered and within three days after its rendition, ex-
cept for newly discovered evidence, is mandatory, and, if the
motion is afterwards made, it is of no avail to the party filing it.

4. **Appeal: MOTION FOR NEW TRIAL.** Unless a motion for a new trial
is filed within three days after the verdict or decision, this court
cannot examine any errors which it is alleged occurred at the
trial; and in such case the only question which can be considered
by this court is whether the pleadings are sufficient to sustain
the judgment.

APPEAL from the district court for Dawes county:
JAMES J. HARRINGTON, JUDGE. *Affirmed.*

*A. M. Morrissey* and *Allen G. Fisher,* for appellants.

*Albert W. Crites, contra.*

BARNES, J.

This action was commenced in justice court of Dawes
county to recover damages for or on account of an al-

leged breach of warranty of a gasoline engine sold and delivered by the defendants to the plaintiff. On the trial in that court the defendants had the verdict and judgment. Upon a trial on appeal to the district court the plaintiff had judgment, and the defendants have appealed.

It appears that, immediately after judgment was rendered by the justice of the peace, the plaintiff filed an appeal bond, which was approved, and in due time a transcript of the judgment was filed in the office of the clerk of the district court for the purpose of perfecting an appeal. It also appears that in making the transcript the justice failed to include his docket entry of the filing and approval of the appeal bond; but that document was duly transmitted to the clerk of the district court, and a copy of it appears in the transcript filed in this court. When the defect in the justice's transcript was discovered, defendants moved to strike it from the files, and the plaintiff thereupon suggested a diminution of the record. Leave was granted by the district court to file an additional transcript in order to supply the omission above mentioned, which was accordingly done, and the motion to strike and dismiss the appeal was overruled. This ruling is assigned as error.

Where it clearly appears that in preparing a transcript the justice of the peace has inadvertently omitted a portion of the proceedings in his court, or has failed to include or mention a paper filed therein, the district court to which an appeal has been taken may, in the furtherance of justice, permit the transcript to be amended or the missing paper supplied, and it would be error to refuse such permission.

It further appears that, after defendants filed their answer to the plaintiff's petition in the district court, plaintiff filed a reply which was a general denial of the matters contained in the answer. Defendants thereupon moved to strike the reply from the files because of an alleged change of issues. The motion was overruled, and for that ruling defendants also assign error. The record discloses that

the petition in the district court was founded on the identical cause of action set forth in plaintiff's bill of particulars in the justice court. It is true that the petition is not couched in the same words as was the bill of particulars, and that its statements are somewhat amplified. This, however, is allowable in pleadings in the district court, and, if the identity of the cause of action is preserved, there can be no cause of complaint on that score.

After the answer was filed in the district court, it then became necessary for the plaintiff to reply; otherwise, under the provisions of section 134 of the code, the allegations of the answer would stand admitted, and defendants would be entitled to a judgment on the pleadings. While a reply to the defendants' answer or bill of particulars is not required in justice court, it does not follow that no reply can be filed in the district court. On the contrary, where the issues in the district court are made up in appeal cases, they should be framed under the rules of pleading in force in that court. The motion to strike the reply was therefore properly overruled.

Finally, it conclusively appears from the record that the trial in the district court was concluded, the verdict was returned, and judgment thereon was rendered on the 19th day of June, 1909. No written motion for a new trial was filed until the 25th day of that month, some six days after verdict and judgment. The motion was not based on the ground of newly discovered evidence, and therefore was not filed in time. It follows that the only question left for our consideration is: Are the pleadings sufficient to sustain the judgment. It is true that the judgment recites that a motion for a new trial was overruled, but this must have been an oral motion, or an oral notice of a motion for a new trial, for the record discloses that no motion was in fact filed until six days after final judgment was rendered. We are not at liberty to dispute the verity of the record. A motion for a new trial must be in writing, and must also be filed within three days after the return of the verdict or the rendition of the judgment in the district court; other-

wise, it cannot be considered. In *Phœnix Ins. Co. v. Read-inger*, 28 Neb. 587, it was held that a motion for a new trial must be in writing, and must specify causes therefor which are sufficient in law to authorize the granting of the same. An oral motion or one in writing in which no cause or causes for a new trial are assigned, will not justify the granting of a new trial. Nor will the overruling of such a motion be sufficient to present errors of law to either the trial or reviewing court. This rule was followed and approved in *Cedar County v. Goetz*, 3 Neb. (Unof.) 172.

From an examination of the record, it appears that the pleadings are sufficient to sustain the judgment, and for the foregoing reasons the judgment of the district court is

AFFIRMED.