JOHN H. MURTEN, APPELLEE, V. ALBERT F. GARBE, APPELLANT.

FILED APRIL 17, 1913.    No. 17,157.

1. **New Trial:** TIME FOR FILING MOTION: AFFIDAVIT. The motion for new trial in district court must be filed before the adjournment of the term at which the verdict was rendered, unless unavoidably prevented. An affidavit stating generally that the defendant had reason to believe, and did believe, that the term would continue longer, without stating the conditions and circumstances leading to such belief, will not justify delay in filing the motion.

2. **Libel and Slander:** PLEADING: EVIDENCE. The defendant in an action for slander cannot, in mitigation of damages, give evidence tending to prove the truth of the alleged defamatory charge under a general denial. Such facts must be alleged in the answer.

APPEAL ·from the district court for Fillmore county: LESLIE G. HURD, JUDGE. *Affirmed.*

*Whedon & Peterson* and *H. P. Wilson,* for appellant.

*Charles H. Sloan, Frank W. Sloan* and *J. J. Burke,* contra.

SEDGWICK, J.

The plaintiff recovered a verdict and judgment against the defendant for $1,000 damages in the district court for Fillmore county in an action for slander. The slanderous words used, as alleged in the petition, were, "He stole my corn," and in the second count, "Murten stole 700 bushels

of corn." The answer was a general denial. Two questions are presented by this appeal.

1. The motion for new trial was filed after the adjournment of the term, but within three days after the verdict was rendered. The motion was stricken from the files, and the defendant urges this ruling as the first ground for reversal. Section 316 of the code is as follows: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and, except for the cause of newly discovered evidence material for the party applying, which he could not with reasonable diligence have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." One of the attorneys for the defendant filed his affidavit at the hearing, in which he testified that the court adjourned *sine die* on the 15th day of December, 1910, and that on the next day the defendant filed his motion for a new trial. The verdict was rendered in the afternoon of the 14th day of December. That neither the affiant nor either of the attorneys for defendant were in the courtroom at the time the verdict was rendered, but the affiant was informed of the nature and effect of the verdict during the afternoon of the day it was rendered, and then notified the court that he would prepare and file a motion for a new trial; that the other attorney for the defendant "returned to Lincoln the morning of December 14;" that other matters kept affiant busy for a time, and, during the latter part of the afternoon and evening, he prepared the motion for a new trial, which was later filed; that he had reason to think, and did think, that the court would be in session December 14 and 15 from the apparent amount of business in sight. His affidavit continues: "That when I had finished the preparation of said motion for new trial, it was past the closing hour for the office of the clerk of this said court, and that said office was closed; that I was called out of town during said night, leaving Fillmore county about 3 o'clock A. M. Dec. 15, and did not return

to the county and Geneva until between 8 and 9 P. M. of
Dec. 16 of said day; that on the morning of Dec. 16, 1910,
I went to the office of said clerk of this court to file said
motion for new trial, and there and then learned for the
first time that this honorable court had adjourned *sine
die* Dec. 15, 1910; that I thereupon filed said motion for
new trial, in support of which this affidavit is made and
filed.  That the said motion was made in good faith.
That I fully believed, and from the amount of business
apparently before the court I had reason to believe, that
the court would still be in session December 16, 1910;
that the business that I was called out of the county on
Dec. 15 was of great importance and necessitated im-
mediate attention, and that I returned by the first train
possible after it was attended to."  The words of the
statute, "unless unavoidably prevented," undoubtedly
apply to both requirements of the section, and the question
is whether, under this evidence, the defendant was un-
avoidably prevented from filing his motion before the ad-
journment of the term.  The intention of the statute is
that, under ordinary circumstances, a cause shall be
finally determined at the term at which it is tried.  If
application is made for another trial, the requirement is
that it be promptly done, and this is a matter of impor-
tance to prevent unnecessary delay, especially in counties
where but two short terms are held in each year.  If the
motion is not heard until a subsequent term, six months
or more are added to the law's delay.  It appears from
the defendant's evidence that the motion was prepared
before the term adjourned.  The defendant's attorney says
that he had reason to believe, and did believe, that the
term would continue for two days.  He does not state
what his reasons were for so believing, nor does he show
that the court or any of its officers were of that opinion.
This court is very reluctant to deprive a litigant of a hear-
ing upon the merits of his case, but unless the provisions
of the statute, which are intended to prevent unnecessary
delay in the administration of justice, are enforced by the

court, it will be within the power of any litigant to continue the litigation almost without end. · If the defendant's motion could have been filed before the adjournment by the exercise of ordinary care and caution, it could not be said that he was unavoidably prevented. The trial court knew the existing conditions, which are not disclosed in this affidavit, and we cannot say that it erred in striking this motion from the files.

2. The defendant's brief is devoted principally to the discussion of the ruling of the trial court in excluding testimony offered by defendant in mitigation of damages. The question is so well presented, and is of so much importance, that we have considered it, although it is not a matter that could be presented to this court on appeal in the absence of a motion for new trial. The answer, as we have already stated, was a general denial. There was no allegation of the truth of the matters charged as slanderous. The defendant offered to prove that the plaintiff was his tenant, and as such had farmed the defendant's land; that some controversy had arisen between them as to the proper division of the crops, and that they had compromised that controversy by making an actual division upon the ground, and that afterwards the plaintiff had taken a part of the corn belonging to the defendant under that agreement. Section 124b of the criminal code provides: "If any tenant or lessee shall without the consent of his landlord take, embezzle, dispose of or convert to his own use the share or portion or any part thereof of the crop or products belonging to his landlord, with intent to defraud the landlord thereof, such person or persons shall be punished in the manner prescribed by law for feloniously stealing property of the value of the article or articles so embezzled, taken, disposed of or so converted." If the defendant could prove that the plaintiff had been guilty under this section of the statute, the truth of the alleged slanderous charge would be established. It is conceded that the truth of the matter charged as defamatory cannot be proved as a complete defense under a

general denial, but it is insisted that the same facts may be proved as mitigating circumstances to reduce the amount of damages.   It appears that the rule at common law was that under a general denial, and without the plea of justification, evidence might be received in mitigation of damages, unless it tended to prove the truth of the slanderous words.   The defendant was not allowed to prove the truth of the slanderous words without pleading it, because that would operate as a surprise to the plaintiff, and so it was generally held that evidence which tended to prove the truth of the slanderous words could not be admitted under a general denial.   Other evidence in mitigation of damages was allowed under a general denial, but all evidence which tended to prove the truth of the alleged slanderous words was excluded, unless the answer alleged the truth of the charge and offered the evidence in support of that allegation.   From these rules the technical holding was derived that the defendant must admit uttering the slanderous words of and concerning the plaintiff, and allege the truth as a defense, or he was not allowed to introduce any evidence tending to prove the truth of the defamatory charge.   These rules of common law in protecting the plaintiff against surprise placed a hardship upon the defendant.   If the defendant admitted that he spoke the alleged slanderous words, there was but one defense open to him—he must allege and prove that the words spoken were true of the plaintiff. Under the code the defendant is better protected.   He may admit the speaking of the alleged slanderous words and that they are not true of the plaintiff, and yet he may prove in mitigation of damages facts and circumstances tending to show that the alleged slanderous words were true, and that he acted in good faith upon the honest belief that they were true.   So far we fully agree with the contentions of the defendant.   The question still remains:  Is the defendant entitled to make such defense without pleading it in his answer?   Can he make such defense under a general denial?   Sections 131 and 132 of the code are as

follows: "Section 131. In an action for a libel or slander, it shall be sufficient to state, generally, that the defamatory matter was published or spoken of the plaintiff, and if the allegation be denied, the plaintiff must prove on the trial the facts, showing that the defamatory matter was published or spoken of him. Section 132. In the actions mentioned in the last section, the defendant may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances to reduce the amount of damages, or he may prove either." In New York and other code states the language of the statute is a little more definite than our section 132. "The defendant may, in his answer, allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages." N. Y. Code (Rev. ed. 1869) sec. 165. The section of our code provides that he "may allege the truth of the matter charged as defamatory, and may prove the same, and any mitigating circumstances." Under the language of the New York statute, it would appear that there could be no doubt that it would be necessary to plead the mitigating circumstances, and we think that, considering the conditions that existed, and the evil that it was proposed to remedy, the language of our code must have the same construction. It follows that if the defendant, in mitigation of damages, intended to rely upon circumstances which led him to believe that the plaintiff was guilty of the matter charged, he should plead those facts and circumstances, and such evidence cannot be admitted under a general denial. There was no offer to amend the answer, and the trial court was right in excluding the evidence.

The judgment of the district court is

AFFIRMED.

REESE, C. J., BARNES and LETTON, JJ., concur.

ROSE, FAWCETT and HAMER, JJ., not sitting.