HAVENS-WHITE COAL COMPANY, APPELLANT, V. BANK OF RULO ET AL., APPELLEES.

FILED SEPTEMBER 20, 1915. No. 18194.

New Trial: MOTION: TIME. When a jury is waived and a cause tried to the court, a motion for a new trial, not coming within the exception provided by statute for extension of time for filing, comes too late, if filed more than three days after the decision of the court is rendered, and such motion may be overruled by the trial court for that reason.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed.*

*Crofoot & Scott, R. C. James* and *W. C. Fraser,* for appellant.

*James E. Leyda* and *C. F. Reavis, contra.*

MORRISSEY, C. J.

This action was brought to recover $77.85, the amount of a check drawn by S. O. Briggs and made payable to plaintiff in settlement of a balance due on account. Trial was had June 2, and the following journal entries appear:

"June 3, 1913, court finds for the defendant, to which plaintiff excepts.

"June 6, 1913, court enters judgment on findings. Plaintiff's cause of action dismissed at his costs.

"On June 21, 1913, it being one of the days of said term, and all parties being present, a motion for a new trial was overruled, to which plaintiff excepts; 40 days from the rising of court allowed to prepare and present bill of exceptions."

The motion for a new trial was filed June 9, 1911. Appellees point out the provisions of sections 316 of the Code fixing the time for filing a motion for a new trial, namely: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and * * * shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." The decision was rendered June 3; the motion filed June 9. More than three days had elapsed between the rendition of the decision and the filing of the motion. No effort is made to show that appellant was unavoidably prevented from filing the motion within the time. In *Nebraska Nat. Bank v. Pennock*, 59 Neb. 61, in discussing this provision of the Code, it is said: "Except for the causes enumerated in the foregoing section a motion for a new trial must be filed within three days after the entry of the decision or verdict. The provisions of the statute are not directory merely, but are wholly mandatory, and a motion for a new trial filed out of time is of no avail and cannot be considered." This question is again discussed in *Ames v. Parrott*, 61 Neb. 847, 857, where Commissioner Pound says: "The findings of the court were its 'verdict or decision' within the meaning of the Code." But in that case he found the motion was filed within the time. "A motion for a new trial, filed out of time and not coming within any of the exceptions of the statute, is of no avail for the purposes of a review of errors in this court." *Carmack v. Erdenberger*, 77 Neb. 592. The grounds urged by appellant for a reversal of this judgment are all based upon the ruling of the court upon the motion for a new trial. The motion having been filed out of time, it was properly overruled.

An examination of the pleadings shows that they are sufficient to sustain the judgment, and it is therefore

AFFIRMED.

HAMER, J., not sitting.