ELLA B. YOUNG, APPELLANT, v. ESTATE OF RANDALL B. YOUNG, APPELLEE.

ESTATE OF SMITH McPHERSON, APPELLANT, v. ESTATE OF RANDALL B. YOUNG, APPELLEE.

MRS. SMITH McPHERSON, APPELLANT, v. ESTATE OF RANDALL B. YOUNG, APPELLEE.

FILED APRIL 4, 1919. NOS. 20393, 20394, 20395.

1. **Appeal: TRIAL TO COURT: MOTION FOR NEW TRIAL: TIME.** When a jury is waived and trial had to the court, an application for a new trial that does not come within any of the exceptions of section 7884, Rev. St. 1913, must be filed within three days after the rendition of the decision, in order to obtain a review of alleged errors occurring at the trial.

2. **Judgment: MODIFICATION: DISCRETION DURING TERM.** In such case the court may in its discretion vacate or modify a judgment during the term at which the decision was rendered, but this can not be demanded as a legal right.

APPEAL from the district court for Boone county: GEORGE H. THOMAS, JUDGE. *Affirmed.*

*Vail & Flory* and *T. J. Hysham,* for appellants.

*Albert & Wagner, F. D. Williams, W. H. Maloney* and *O. M. Needham, contra.*

DEAN, J.

Randall B. Young, a resident of Missouri, died in Kansas City on October 20, 1914. At the time of·his death he was the owner of a quarter section of land in

Boone county, Nebraska. Appellants here filed claims against the estate in the county court of Boone county. On appeal the findings of the county court on the respective claims were affirmed with these exceptions, namely: The claim of one appellant allowed in county court for $4,611.51 on appeal was increased $330.50; another claim allowed for $300 in county court was wholly disallowed on appeal; and another claim wholly disallowed in county court was allowed in district court for $37.50. The claimants have all appealed.

These suits were by stipulation and order of court consolidated in one action. A jury was waived and the cases tried and decision rendered on July 2, 1917. A motion for a new trial was filed 12 days thereafter and overruled in chambers on August 29, 1917.

Appellees argue that "this court is precluded from a review of the evidence because the respective motions for a new trial were filed out of time." They cite section 7884, Rev. St. 1913, which provides that, "except for the cause of newly discovered evidence," the application for a new trial "shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." In support of their argument numerous decisions of this court are cited. Among others is the case of *Nebraska Nat. Bank v. Pennock,* 59 Neb. 61, where it is said: "The provisions of the statute are not directory merely, but are wholly mandatory, and a motion for a new trial filed out of time is of no avail and cannot be considered, unless an earlier filing was unavoidably prevented, or the motion is based upon the ground of newly-discovered evidence." To substantially the same effect is *Havens-White Coal Co. v. Bank of Rulo,* 98 Neb. 632, and cases there cited.

The reason assigned by appellants in the record for their failure to make an earlier application is contained in this unverified statement that is a part of the motion, namely: "This cause was decided on the

2d day of July, 1917, and the claimant was unavoidably prevented from filing a motion for a new trial within three days after the decision was rendered for the reason that claimant resides at Red Oak, Iowa, and claimant's attorneys in active management of this litigation at Albion, Nebraska, and the communication from claimant to claimant's attorneys at Albion did not reach Albion in time to file the motion for a new trial within three days."

Appellants have not shown that they were "unavoidably prevented" from filing the motion within the statutory time as pointed out by appellees. That the motion, under the numerous decisions of this court, does not comply with the statute is apparent. Of course, it is not within the judicial province to amend or change a statute under the guise of construction.

In a supplemental brief the appellants direct attention to the rule stated in *Bradley v. Slater*, 58 Neb. 554, namely: "A court of general jurisdiction possesses inherent power to vacate or modify its own judgments at any time during the term at which they are pronounced." It is conceded that the court has this power, but it does not follow that an appeal will lie from a refusal to exercise such power. The point is discussed in the *Bradley* case, where, among other things, it is aptly said by Sullivan, J: "One may ask as a matter of judicial grace what he cannot demand as a legal right."

Finding no reversible error, the judgment is

AFFIRMED.

CORNISH, J., not sitting.