SPLITTGERBER BROTHERS ET AL., APPELLEES, V. SKINNER PACKING COMPANY ET AL., DEFENDANTS: RALPH L. PETERSON, INTERVENER, APPELLANT.

FILED NOVEMBER 14, 1929. No. 26715.

*Congdon, Finlayson & Burke,* for appellant.

*North & O'Reilly,* for appellees.

*Ritchie, Chase, Canaday & Swenson,* for defendants.

Heard before ROSE, DEAN, GOOD and DAY, JJ., and RAPER and REDICK, District Judges.

RAPER, District Judge.

In a cause brought by Splittgerber Brothers against Skinner Packing Company, the appellant, Ralph L. Peterson, filed a petition in intervention. The suit by Splittgerber Brothers was an action to rescind sale of stock in the Skinner Packing Company on the ground of false representations and to recover the sale price. Ralph L. Peterson claimed right to intervene as stockholder in another corporation which he alleged had agreed to assume the liabilities of the Skinner Packing Company and therefore he had such interest as gave him right to intervene in the suit against the Skinner Packing Company.

On the 9th day of January, 1928, the district court sustained a demurrer to the petition of intervention and dismissed it. January 31, 1928, the intervener filed motion

for new trial on the order dismissing his petition in intervention. That motion for new trial was overruled on May 4, 1928, and thereafter, on August 4, 1928, the intervener filed his appeal in this court. The plaintiff, Splittgerber Brothers, presented a motion in this court to dismiss the appeal of intervener because the motion for new trial was not filed in time fixed by law, and that the appeal was not perfected as required by the statutes.

If a motion for new trial was a necessary step in order to obtain a review in this court, it was not filed within the time fixed by law and was therefore of no effect. If, however, the presenting and overruling of a motion for new trial was not a necessary proceeding, then the appeal, having been lodged more than three months after the dismissal of intervener's petition, did not give this court jurisdiction of the appeal. Without determining whether, in an action at law, motion for new trial and overruling of same, on an order sustaining a demurrer and dismissing a petition in intervention, is a necessary prerequisite to effect an appeal to this court, it follows that in either event, as above stated, the appeal of intervener should be dismissed.

Appeal of Ralph L. Peterson, intervener, is dismissed at his costs.

APPEAL DISMISSED.