HAROLD D. HOOVER ET AL. V. STATE OF NEBRASKA.

FILED MARCH 2, 1934. No. 28967.

*W. A. Ehlers*, for plaintiffs in error.

*Paul F. Good*, Attorney General, *Max Kier* and *Lloyd E. Chapman*, contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and MEYER, District Judge.

Goss, C. J.

Defendants were first found guilty and fined in the municipal court of Lincoln. They appealed to the district court for Lancaster county, where they were tried by the court and found guilty. Each was fined $10 and costs, for which execution was awarded. While there were separate complaints, defendants were tried together. They brought proceedings in error here and the causes were briefed and argued together.

Each defendant gave a surety bond in the district court reciting that he intended to prosecute error proceedings. Each duly filed a petition in error. In their brief they described themselves as plaintiffs in error and the state as defendant in error.

After defendants filed their brief the state moved to dismiss the petition in error and the proceedings for review on these grounds: First, that the actions were civil in nature and reviewable by appeal, and not by error proceedings; second, that defendants had failed to file motions for new trials in the district court. We deferred ruling on the motion until we might hear arguments on the merits.

The complaints contained two counts. The first count charged defendants with violating an ordinance requiring peddlers of merchandise to pay a license fee. Among other things it defined a peddler of merchandise as one who takes orders for present or. future delivery. The second count charged defendants with violating another ordinance requiring peddlers of merchandise to pay an occupation tax. That ordinance defined peddlers of merchandise in the same way. Neither ordinance prescribed a penalty other than a fine. They solicited orders for goods which would later be delivered from a stock in Omaha. The business had no interstate features; it was all intrastate in character.

In 1907 the legislature eliminated much confusion by doing away with proceedings in error in all cases except criminal cases. Laws 1907, ch. 162. This has been

brought down to date in section 20-1912, Comp. St. 1929. "Judgments and sentences upon convictions for felonies and misdemeanors under the Criminal Code" are expressly excepted from the procedure for review on appeal. All judgments in causes other than those made felonies or misdemeanors by the criminal statutes are reviewable by appeal.

The first point for decision, therefore, is whether the city ordinances under which defendants were convicted brought defendants within the exception made by the statute so that they may obtain a review as plaintiffs in error. An early decision under the 1907 law came in 1908. *Brandt v. State,* 80 Neb. 843. Defendant was convicted of violating an ordinance prohibiting keeping a saloon open after specified hours or on Sunday. He appealed to the district court, where the appeal was dismissed. He filed a petition in error in this court. Finding that the Criminal Code specified no particular hours during which it is a crime to keep open a saloon, this court sustained an objection to the jurisdiction. The syllabus says: "Under the provisions of chapter 162, Laws 1907, providing for appeals to the supreme court, only judgments and sentences upon convictions for felonies and misdemeanors under the Criminal Code may be brought to this court by petition in error. All other cases must come here by appeal, and notice must be given, either as specified in section 3 of the act, or under the provisions of supreme court rules 33 to 37, inclusive."

Prior to the passage of the 1907 act this court had held in *Peterson v. State,* 79 Neb. 132, that "A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, * * * is, in fact, a civil proceeding to recover a penalty, and clear and satisfactory proof that the offense has been committed is sufficient to sustain a conviction. Proof beyond a reasonable doubt is not required." On the point that such a proceeding is civil in its nature, see, also, *Ruffing v. State,* 80 Neb. 555; *Pulver v. State,* 83 Neb.

446; *Cleaver v. Jenkins,* 84 Neb. 565; *Western Union Telegraph Co. v. City of Franklin,* 93 Neb. 704; *Francisco v. State,* 108 Neb. 309; *McLaughlin v. State,* 123 Neb. 861.

It clearly appears that the ordinances in question do not embrace either a felony or misdemeanor under the Criminal Code. The inquiry by the district court (as well as by the municipal court) was as to the violation of a municipal regulation. Its purpose was to recover a penalty. While it had the form of a criminal proceeding it was, in fact, a civil proceeding. Under the rules followed from the beginning, the judgment in such a cause is reviewable here only on appeal, and not by petition in error.

The judgments were severally entered on June 24, 1933. Neither defendant filed a motion for new trial within three days thereafter, as required by statute. July 27, 1933, each defendant tendered a conventional motion for a new trial without any reference to newly discovered evidence, and also filed a motion for an order permitting such defendant to file the motion for new trial *nunc pro tunc* as of June 24, 1933. On July 27, 1933, the district court overruled the motion to permit the motion for new trial to be filed out of time. No abuse of discretion appears. The filing of a motion for new trial is provided for in section 20-1143, Comp. St. 1929. It is mandatory, for a review of errors occurring at the trial, that the motion be filed within three days after the decision is rendered, except for the cause of newly discovered evidence. *Nebraska Nat. Bank v. Pennock,* 59 Neb. 61; *Carmack v. Erdenberger,* 77 Neb. 592; *Havens-White Coal Co. v. Bank of Rulo,* 98 Neb. 632; *Young v. Estate of Young,* 103 Neb. 418. No motion for a new trial having been filed, we cannot review the errors alleged to have been committed by the trial court.

We make no survey of the merits beyond that involved in the motion to dismiss and express no opinion upon the validity of the city ordinance. For the reasons stated, the

motion of the city of Lincoln to dismiss the petitions in error is sustained.

DISMISSED.