A. L. MILLER, APPELLEE, V. BANNER COUNTY, APPELLANT.*

FILED MAY 10, 1934. No. 28918.

William H. Heiss, for appellant.

Roland V. Rodman and John H. Kuns, contra.

Heard before GOSS, C. J., GOOD, EBERLY, DAY and PAINE, JJ., and MESSMORE, District Judge.

PER CURIAM.

This is an action at law. Originally a claim was filed with the county commissioners of Banner county for

---

*See opinion on rehearing, p. 690, post.

(1)

services rendered by plaintiff as a physician to one alleged to be a pauper and a resident of Banner county. The claim was rejected, and the claimant duly appealed to the district court for Banner county. There issues were made up, the claimant filing his petition on September 29, 1932. The defendant, Banner county, filed its answer admitting only its corporate capacity, and denying each and every allegation of plaintiff's petition not specifically admitted.

This record discloses that on November 17, 1932, the parties to this cause stipulated that a jury be waived, and thereupon the cause was heard by the court on its merits, evidence being introduced on behalf of both plaintiff and defendant. The sufficiency of the petition was not challenged in the district court. At the conclusion of the evidence, on November 17, 1932, judgment was entered for plaintiff in the sum of $172 and interest. On November 21, 1932, more than three days after the decision was rendered, defendant filed its motion for a new trial which set up but three grounds, viz.: "1. Said verdict and judgment are not sustained by sufficient evidence. 2. Said verdict and judgment are contrary to law. 3. Errors of law occurring during trial and excepted to by defendant." This motion was overruled on April 4, 1933.

We are unalterably committed to the rule that except for newly discovered evidence a motion for a new trial must be filed within three days from the rendition, not entry, of the decision. *Ames v. Parrott*, 61 Neb. 847; *Schuyler Building & Loan Ass'n v. Fulmer*, 61 Neb. 68.

So, too, this court is committed to the view that, "When a jury is waived and trial had to the court, an application for a new trial that does not come within any of the exceptions of section 7884, Rev. St. 1913 (now Comp. St. 1929, sec. 20-1143) must be filed within three days after the rendition of the decision, in order to obtain a review of alleged errors occurring at the trial." *Young v. Estate of Young*, 103 Neb. 418.

"The provisions of the statute (now Comp. St. 1929, sec. 20-1143) are not directory merely, but are wholly mandatory, and a motion for a new trial filed out of time is of no avail and cannot be considered, unless an earlier filing was unavoidably prevented, or the motion is based upon the ground of newly discovered evidence." *Nebraska Nat. Bank v. Pennock*, 59 Neb. 61. See, also, *Havens-White Coal Co. v. Bank of Rulo*, 98 Neb. 632.

That the pleadings taken together do not support the judgment is not an error claimed by the appellant either in this tribunal or before the trial court. Further, we find on examination that plaintiff's petition states a cause of action.

It follows that, as we are compelled to disregard the assignments of error set forth in defendant's motion for a new trial, no error appears in the record before us.

The judgment of the district court is, therefore,

AFFIRMED.