WILLIAM C. HEETER, APPELLANT, V. SAM NISI ET AL., APPELLEES.

278 N. W. 271

FILED MARCH 4, 1938. No. 30228.

*Mossman, Anderson & Meissner* and *John A. McKenzie,* for appellant.

*Wear, Boland & Nye, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE, CARTER and MESSMORE, JJ.

CARTER, J.

This is an action to recover damages for personal injuries alleged to have been sustained by plaintiff at Hiawatha, Kansas, on February 18, 1935, while plaintiff was riding in an automobile owned by the defendant Nisi and

operated by the defendant Pattavina. At the close of plaintiff's case, the defendants moved to dismiss the action for the reason that the evidence was insufficient to sustain the allegations of plaintiff's petition, which motion was sustained and the action dismissed. From the overruling of his motion for a new trial, plaintiff appeals.

The record discloses that the action was dismissed by the trial court on April 30, 1937, and that a motion for a new trial was filed on May 3, 1937. The record further shows that the trial was had at the February, 1937, term of court and that said term adjourned *sine die* on May 1, 1937.

The section of the statute applicable to the above facts is as follows: "The application for a new trial must be made at the term the verdict, report, or decision is rendered, and except for the cause of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial, shall be within three days after the verdict or decision was rendered, unless unavoidably prevented." Comp. St. 1929, sec. 20-1143. Newly discovered evidence is not alleged as a ground for a new trial in the motion filed, nor is there any showing that its filing in due time was unavoidably prevented.

In *Carmack v. Erdenberger*, 77 Neb. 592, 110 N. W. 315, this court held: "The statute requiring a motion for a new trial to be in writing and filed during the term at which the 'verdict, report or decision' is rendered, and, except for the cause of newly discovered evidence, within three days after the verdict or decision is rendered, unless unavoidably prevented, is mandatory."

In *Harris v. Jennings*, 64 Neb. 80, 89 N. W. 625, this court said: "A motion for a new trial must, in all cases, except for newly discovered evidence, be filed at the term at which the finding or decision sought to be vacated by the motion is rendered. When a motion for a new trial is overruled, because not filed within the time required by statute, all matters necessarily included therein as grounds

for a new trial are unavailing on review by proceedings in error."

Other cases to the same effect are *Murten v. Garbe,* 93 Neb. 589, 141 N. W. 146; *Splittgerber Bros. v. Skinner Packing Co.,* 119 Neb. 135, 227 N. W. 446.

We are therefore obliged to hold that a motion for a new trial must be filed at the same term of court that the verdict, report or decision was rendered, and, in addition to this requirement, within three days from the rendition of the verdict, report or decision appealed from. A motion for a new trial that is not filed within the time specified by statute is a nullity and of no force and effect. In the case at bar the motion for a new trial was filed within three days after the rendition of the judgment but not within the same term of court. The filing of the motion for a new trial therefore availed the plaintiff nothing. The pleadings are sufficient to sustain the judgment rendered, and, under such circumstances, it ought to be and hereby is

AFFIRMED.