MELVIN DOBESH, APPELLEE, V. ASSOCIATED ASPHALT CON-
TRACTORS, INC., ET AL.: VILLAGE OF ANSLEY ET AL., APPEL-
LANTS.

288 N. W. 32

FILED OCTOBER 20, 1939. No. 30741.

*Chambers, Holland & Locke* and *Evans & Lee,* for appel-
lants.

*Allan F. Black* and *Perry, Van Pelt & Marti, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER,
MESSMORE and JOHNSEN, JJ.

PER CURIAM.

This is a compensation case. It arises out of an injury
sustained by plaintiff on June 16, 1937, in an accident
which arose out of and in the course of his then employ-
ment. In the hearing or rehearing in the compensation
court, he received an award of compensation against the

defendants Associated Asphalt Contractors, Incorporated, the Village of Ansley, Custer county, Nebraska, and the Travelers Insurance Company, a corporation, from which the defendants above named prosecuted an appeal to the district court for Custer county. From a judgment of affirmance as to defendants Associated Asphalt Contractors, Incorporated, the Village of Ansley, Nebraska, and the Travelers Insurance Company, a corporation, made and entered in the district court for Custer county on May 8, 1939, jointly and severally against the defendants last named, the defendants Village of Ansley, Nebraska, and the Travelers Insurance Company now appeal to this court.

The controlling statute governing the procedure on appeals to the supreme court in compensation cases is included in section 48-174, Comp. St. Supp. 1937, viz.:

"Any appeal from- the judgment of the district court shall be prosecuted in accordance with the general laws of the state regulating appeals in actions at law except that such appeal shall be perfected within thirty days from the entry of judgment by the district court and the cause shall be advanced for argument before the supreme court within thirty days from the filing of said appeal, and the supreme court shall render its judgment and write an opinion in such cases within thirty days after submission; Provided, that a judgment, order, or award of the district court may be modified or set aside only upon the following grounds: (1) That the court acted without or in excess of its powers. (2) That the judgment, order or award was procured by fraud. (3.) That the findings of fact are not conclusively supported by the evidence as disclosed by the record, and if so found, the cause shall be considered de novo upon the record. (4) That the findings of fact by the court do not support the order or award."

"The general laws of the state regulating appeals," employed in the statute quoted, by necessary implication adopt the language of section 20-1912, Comp. St. 1929, reducing, however, the time of perfecting such appeal by filing the transcript certified to by the clerk in this court from "with-

in three months" to "within thirty days" from the entry of the judgment in the district court.

The condition of the record presented on this appeal challenges our attention to certain defects which we will now consider.

We are committed to the view, viz.: "The supreme court has no power to exercise appellate jurisdiction in proceedings to review the judgments of the district court, unless a transcript is filed with the clerk of this court within the time prescribed by law for taking appeals." *State v. Amsberry,* 104 Neb. 279, 178 N. W. 822. See, also, *State v. Amsberry,* 104 Neb. 769, 178 N. W. 828.

One of the essential requirements for perfecting an appeal, as stated by this court, is: "In order to affect an appeal from the district to the supreme court, it is necessary to file with the clerk of this court, within the time prescribed by statute, a transcript of the proceedings, authenticated by the certificate of the clerk of the district court. Such requirement is jurisdictional, and the stipulation of the parties or their attorneys stating that the transcript contains all the proceedings will not supply the omission of the certificate of the clerk of the trial court." *McDonald v. Grabow,* 46 Neb. 406, 64 N. W. 1093. See, also, *Fromholz v. McGahey,* 85 Neb. 205, 122 N. W. 879.

In the instant case there is a clerk's certificate to the transcript. It is in the following form:

"The state of Nebraska ⎤
⎭ ss.
Custer County ⎦

"I, H. J. Copsey, Clerk of the District Court, Twelfth Judicial District of Nebraska, within and for the County of Custer, do hereby certify that the within and aforegoing is a true and correct copy of_____ _____in a cause in said Court wherein Melvin Dobesh, a minor et al., is plaintiff, and Associated Asphalt Contractors, Inc., et al., are defendants, as the same appears in the files and upon the records of said Court now in my charge as Clerk aforesaid.

"In testimony whereof, I have hereunto set my hand officially and affixed seal of said Court at Broken Bow, Custer County, Nebraska, this 9th day of June, 193.......

"(Seal)        H. J. Copsey, Clerk. By..................Deputy."

This is manifestly incomplete. Is it sufficient? Waiving this question for the present, and, for the purpose of the decision only, treating it as sufficient, and as conferring absolute verity on the record to which it is attached, we note that the judgment appealed from, as set forth in the journal entry, was made and entered on the 8th day of May, 1939. This is followed by a motion for a new trial which the record recites was filed on the 15th day of May, 1939. If a motion for a new trial is necessary, it is obvious in this case that it was filed out of time, and is wholly null and void for every possible purpose. Comp. St. 1929, sec. 20-1143.

"A motion for a new trial, to be of any avail, must be filed at the term of court the verdict or decision is entered, and, except for newly-discovered evidence, within three days after the rendition of such verdict or decision.

"The delay of the clerk of the court in spreading the verdict or decision on the court journal will not have the effect to extend the time within which to file a motion for a new trial." *Nebraska Nat. Bank v. Pennock,* 59 Neb. 61, 80 N. W. 255.

See, also, *Hoover v. State,* 126 Neb. 277, 253 N. W. 359; *Heeter v. Nisi,* 134 Neb. 209, 278 N. W. 271; *Weber v. Allen,* 121 Neb. 833, 238 N. W. 740; *Young v. Estate of Young,* 103 Neb. 418, 172 N. W. 49.

We note that the journal entry of May 8, 1939, contains the following, viz.: "Said cause came on further to be heard upon the motion of the Village of Ansley and the Travelers Insurance Company for a new trial and on consideration thereof and the court being fully advised in the premises, said motion for new trial is taken under advisement, on this 8 day of May, 1939."

However, the transcript discloses that the written motion for a new trial had not been filed when this order

taking the same under advisement was entered. Oral motions for new trial are unavailing for every purpose.

"A court has no authority to rule on a motion for a new trial which has not been filed and is not before it, in anticipation that such motion may be subsequently filed.

"A motion for a new trial, filed out of time and not coming within any of the exceptions of the statute, is of no avail for the purposes of a review of errors in this court." *Carmack v. Erdenberger,* 77 Neb. 592, 110 N. W. 315.

See, also, *In re Estate of Swan,* 82 Neb. 742, 118 N. W. 478.

It is obvious, therefore, that we must wholly disregard the motion for a new trial filed on May 15, 1939, as well as the ruling thereon, both as to challenging the attention of this court to errors occurring at the trial and as to fixing the time for perfecting the appeal.

Now, the judgment was rendered on May 8, 1939. There is no evidence that it was actually journalized at a later date. The transcript was not filed in this court until June 12, 1939. This was not within the thirty days prescribed by the workmen's compensation act. It is noted that the præcipe in this case filed by appellants recites that the appeal is "from a judgment rendered on the 11th day of May, 1939." This statement finds no support in the record. But, if it were true, Saturday the 10th day of June, 1939, would be the last day on which the appeal could have been filed in this court. *In re Estate of Getchell,* 98 Neb. 788, 154 N. W. 537; *Frazier v. Alexander,* 111 Neb. 294, 196 N. W. 322.

It follows, therefore, that the transcript on appeal having been filed out of time, this court has no jurisdiction to review the judgment appealed from, and such appeal is accordingly dismissed.

APPEAL DISMISSED.