FRANK W. POWER, APPELLANT, v. FEDERAL LAND BANK OF OMAHA, APPELLEE.

2 N. W. (2d) 924

FILED MARCH 13, 1942. No. 31274.

*Kenneth S. Wherry* and *G. E. Price,* for appellant.

*Jean B. Cain* and *Franklin L. Pierce, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This case comes before the court at this time on the argument of a motion by the appellee to affirm the judgment of the district court, on the ground that the motion for a new trial was filed more than three days subsequent to the rendition of the judgment in that court.

The transcript in this case discloses that this was an action brought by Frank W. Power against the Federal Land Bank, in Richardson county, Nebraska, for damages in the sum of $10,000, alleging a contract made with the plaintiff by two of the agents of the bank, whereby the plaintiff was to buy, and the defendant to sell, certain real estate for $6,400, and upon which contract, the plaintiff paid $2,000, cash payment required therein, and later the defendant notified the plaintiff that the bank would not convey the real estate described in said agreement, and for this refusal of

the bank to carry out said agreement the suit was brought.

The answer of the Federal Land Bank set up several defenses thereto, and claimed that said matter had theretofore been litigated and a judgment had been entered for the defendant and against the plaintiff, and that said judgment is a final judgment, and that the plaintiff is barred from prosecuting this new action, and prays that it be dismissed with prejudice.

For a reply the plaintiff denied that the action is identical with the issues presented in case No. 10333, and alleges that that case was not a bar to the present case.

On May 15, 1941, at 9:00 a. m., the case came on for trial to a jury, and continued for two days. At the close of the evidence, defendant moved the court to direct the jury to return a verdict in favor of defendant. Judge Falloon sustained the motion, and on said 16th day of May, 1941, the jury returned a verdict, as instructed by the court, for the defendant, and thereupon it was ordered, adjudged, and decreed by the court that the plaintiff have and recover nothing, and that defendant recover of plaintiff its costs in the sum of $80.90, said order being signed by the court. Down at the bottom thereof appears the filing mark of the clerk, "Filed May 20, 1941 Fred C. Zorn, Clerk of District Court."

Thereafter and on May 23, 1941, the plaintiff, by his attorneys, Kenneth S. Wherry and G. E. Price, filed motion for a new trial. On May 27, 1941, the defendant Land Bank filed motion to strike from the files said motion for a new trial, for the reason that it was not filed within the time required by law.

On June 10, 1941, plaintiff's attorneys moved the court that the motion for a new trial filed May 23 be considered by the court as having been filed within the time required by the statute, for the reason that plaintiff was unavoidably prevented from filing such motion prior to May 23.

This motion is supported by the affidavits of both of the plaintiff's attorneys. G. E. Price sets out that on Thursday night, May 15, he had a long distance call from St. Paul, Minnesota, to meet the head of a law firm in Lincoln on Sat-

urday, May 17, and that, because of the urgency of the injunction proceeding in Minnesota, his entire time was spent in preparation of the Minnesota case. There is also attached the affidavit of Kenneth S. Wherry, saying that the court sustained the motion for a directed verdict on May 16, on which day the jury were directed to return a verdict; that on May 18 he was called by telephone by the city marshal of Sabetha, Kansas, stating that in making an arrest he had shot and killed a person, and employing the said Wherry to attend a hearing on Monday, May 19, for which reason he secured G. E. Price to attend court at Pawnee City in his place on May 19, and on the 20th he was unexpectedly called to Omaha on important personal matters; on May 21 he was engaged the entire day in the United States district court at Lincoln; that the clerk of the district court informed him that the judgment dismissing the action had not been entered and spread upon the records of the clerk's office until the date of May 20, and therefore he filed a motion for new trial on May 23.

On June 10 said matters were argued to the trial court, and Judge Falloon entered an order, in which he recited that Kenneth S. Wherry and G. E. Price represented the plaintiff and Jean B. Cain represented the defendant, and the matter was fully argued to the court, whereupon the court overruled the motion of defendant to strike plaintiff's motion for a new trial from the records; that plaintiff's motion for a new trial is overruled; that plaintiff's motion for an order authorizing his motion for a new trial to be considered as having been timely filed is also overruled, as the court finds that the reasons given by plaintiff's attorneys in their affidavits for not timely filing the plaintiff's motion for a new trial are not sufficient to bring them within the "unavoidably prevented" provision of the statute.

Because the ruling upon this motion will dispose of a case where the transcript and bill of exceptions have already been filed in this court, we will discuss the reasons which lead us to this decision.

The statute provides in section 20-1143, Comp. St. 1929, that the motion for new trial must be made at the same term that the verdict or decision was rendered, and except for newly discovered evidence shall be made within three days after the verdict or decision was rendered, unless unavoidably prevented.

In *Ames v. Parrott*, 61 Neb. 847, 86 N. W. 503, Dean Pound, then commissioner of this court, had before him a case in which the findings of the court were dated April 3, a motion for new trial filed April 6, and the judgment journalized on April 10, and counsel argued that the motion was of no effect because it was filed four days prior to the entry of the judgment. Dean Pound says that there is a clear and well-established distinction between the rendition and the entry of a judgment, and there is a presumption that the judgment is entered on the date of its rendition, but where the record shows these dates to be different the date of its rendition alone is to be considered. To the same effect are *Carmack v. Erdenberger*, 77 Neb. 592, 110 N. W. 315; *Young v. Estate of Young*, 103 Neb. 418, 172 N. W. 49; *Heeter v. Nisi*, 134 Neb. 209, 278 N. W. 271; *Summers v. Chisholm*, 89 Neb. 324, 131 N. W. 610.

In *Nebraska Nat. Bank v. Pennock*, 59 Neb. 61, 80 N. W. 255, a motion for a new trial was filed on the fourth day after the decision was rendered, and it was contended that, as the clerk did not enter the judgment on the journal of the trial court until the day after it was rendered, the motion was in time. The opinion says that this provision of the statute is not directory merely, but wholly mandatory, and a motion for a new trial filed out of time is of no avail and cannot be considered unless an earlier filing was unavoidably prevented, and that the statute reads that the motion shall be filed within three days after the verdict or decision was rendered, and not three days after the clerk has spread the decision upon the court records.

In the case of *Murten v. Garbe*, 93 Neb. 589, 141 N. W. 146, the court adjourned *sine die* on the next day after the verdict was rendered, and the counsel was called out of

town during the night on law business, and did not return until after court had adjourned. An affidavit was filed by him, showing that he fully believed, from the amount of business apparently before the court, that the court would be in session at least one day longer than it was; that the business calling him out was of great importance, and necessitated immediate attention, and that the motion was prepared before the term adjourned *sine die*, but was not filed. It is said: "This court is very reluctant to deprive a litigant of a hearing upon the merits of his case, but unless the provisions of the statute, which are intended to prevent unnecessary delay in the administration of justice, are enforced by the court, it will be within the power of any litigant to continue the litigation almost without end."

A verdict was rendered in an important case on May 26, and May 29 was Sunday, and should be excluded, but May 30 was Memorial Day, a legal holiday for the purposes of negotiable instruments, so the motion for new trial was filed on Tuesday, May 31. This court held that there is no statute preventing the clerk from filing a motion for new trial on Memorial Day, and the motion for new trial was rightly stricken from the files by the trial court as being filed too late. *Tully v. Grand Island Telephone Co.,* 87 Neb. 822, 128 N. W. 508.

Plaintiff's counsel, in their affidavits and in their brief, present to this court a single case upon which they rely as absolutely controlling. It is the case of *Dobesh v. Associated Asphalt Contractors,* 137 Neb. 342, 289 N. W. 369, which first appeared in this court in 137 Neb. 1, 288 N. W. 32, in which a *per curiam* opinion strikes the transcript from the files, under section 20-1912, Comp. St. 1929, because it was not filed with the clerk of this court within the time prescribed by law for taking appeals. This case again appears in 137 Neb. 342, 289 N. W. 369, in which an opinion written by Judge Carter vacates the order of dismissal, and permits a correction of the record, and the filing of a supplemental transcript, for the reason that the judgment entered May 8 was filed and spread on the journal on May 15, the same day the motion for new trial was filed.

This *Dobesh* case was presented to this court solely on the question, as stated in the opinion, that the appeal was dismissed because the transcript did not show facts sufficient to give this court jurisdiction on appeal, due to a mistake in the preparation of the transcript, and our opinion and the syllabus paragraph all indicate that the question all relates to the time of filing the transcript, which is clearly set out in section 48-174, Comp. St. Supp. 1941, which provides that such appeal shall be perfected within 30 days from the entry of judgment by the district court. This holding and disposition of the case was not determinative of the question of the filing of a motion for new trial.

The substance of the affidavits filed by plaintiff's counsel discloses that they were exceedingly busy practitioners, and were interrupted in their handling of this case by new matters of considerable importance arising just at that time, for which reason they were unavoidably prevented from filing the motion for new trial within the three days as required by statute. The question is, whether the press of business which delayed them in filing this motion will meet the requirements of the statute.

"The words 'unavoidably prevented' are equivalent in meaning to circumstances beyond the control of the moving party, and do not excuse mere neglect." *Roggencamp v. Dobbs,* 15 Neb. 620, 20 N. W. 100.

In the case at bar, it clearly appears that one of these two attorneys could have filed this motion for a new trial within time, by the exercise of ordinary care and caution, if they had placed it ahead of other things which they did accomplish during those days, and if that is true then it cannot be said that its filing was unavoidably prevented, as provided by the statute. See *Miller v. Banner County,* 127 Neb. 1, 254 N. W. 669; *Hoover v. State,* 126 Neb. 277, 253 N. W. 359.

This court is precluded from reviewing alleged errors occurring at the trial where the motion for a new trial was filed more than three days from the date the decision was rendered by the district court. Therefore, the appeal will

be dismissed without an examination upon its merits. See *Dunterman v. Storey*, 40 Neb. 447, 58 N. W. 949. This requires an affirmance of the judgment appealed from.

AFFIRMED.