G. A. BOYD, APPELLEE, V. HENRY FRANCISCO, APPELLANT.

FILED JUNE 6, 1921. No. 21652.

Municipal Corporations: VIOLATION OF ORDINANCE: JUDGMENT: REVIEW. Where the proceedings in a prosecution for the violation of a village ordinance are conducted properly in all respects except that the police judge mistakenly entitled the case upon his docket as if the complaining witness instead of the state were plaintiff, proceedings to review the judgment in the district court must be conducted in the manner provided by the statute for reviewing such prosecutions.

APPEAL from the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*E. D. Kilbourn,* for appellant.

*O. A. Williams, contra.*

LETTON, J.

This case originated in the police court of Royal, Antelope county, and was a complaint under an ordinance of that village charging that Henry Francisco did "operate and conduct for hire \* \* \* and public use, three pool and one billiard table, without having first obtained \* \* \* a license," in his place of business in that village. The defendant was convicted and fined in the sum of $100. The case was taken by petition in error to the district court, and that court dismissed the error proceedings.

Two errors are assigned: First, that the complaint does not state a cause of action; second, that the prosecution was not carried on by the state, but by a private person.

The record shows that the proceedings in police court were carried on regularly in all respects. A sufficient complaint was filed, the accused arrested, and trial had as is usual in such prosecutions. The police judge, however, docketed the proceedings as "G. A. Boyd, plaintiff, v. Henry Francisco, defendant." The record recites: "Evidence was introduced by the state, but no evidence was offered by the defendant. On consideration of the evidence the court finds the defendant guilty as he is charged in the complaint"—and a fine was imposed in proper form. There was no judgment in favor of Boyd, and it is apparent that the state was the real plaintiff.

The district court found "that there is no judgment shown by the record in favor of defendant in error, and that there are no errors complained of by the plaintiff in error, shown by the record," and dismissed the proceedings.

A motion was made about two months afterwards, but whether at the same term of court or not is not shown, to set aside the order dismissing the error proceedings, and to docket the case and treat it as an appeal. This motion was overruled. The proceedings in error were a nullity and were properly dismissed. If considered as an appeal, it was taken too late, and sufficient cause was not shown for the failure to perfect it in time. The motion was properly overruled. We have examined the complaint and find it sufficient.

AFFIRMED.