Francisco v. State.

HENRY FRANCISCO v. STATE OF NEBRASKA.

FILED APRIL 11, 1922.    No. 22406.

1. **Municipal Corporations:** ORDINANCES: VIOLATION: COMPLAINT: AMENDMENT ON APPEAL. Where the proceedings in a prosecution for the violation of a village ordinance are docketed in police court, in the name of a private person as plaintiff instead of in the name of the state, it is proper practice for the district court, when error proceedings are prosecuted, to permit the complaint to be amended by substituting the name of the state as plaintiff.

2. ———: ———: ———: PROOF. "A prosecution for the violation of a city ordinance, which does not embrace any offense made criminal by the laws of the state, while in form a criminal prosecution, is, in fact, a civil proceeding to recover a penalty, and clear and satisfactory proof that the offense has been committed is suf-

ficient to sustain a conviction. Proof beyond a reasonable doubt is not required." *Peterson v. State*, 79 Neb. 132.

3. ——,——: ——:, ——: AUTHORITY TO PROSECUTE. Evidence examined, and *held* that the village of Royal had authority to prosecute defendant under its ordinance and to impose the fine therein prescribed for its violation by defendant who was convicted of conducting a pool and billiard hall without first obtaining a license.

ERROR to the district court for Antelope county: ANSON A. WELCH, JUDGE. *Affirmed.*

*E. D. Kilbourn*, for plaintiff in error.

*Clarence A. Davis*, Attorney General, *C. L. Dort* and *O. A. Williams*, contra.

Heard before LETTON, DEAN and DAY, JJ., CLEMENTS (E. J.) District Judge.

DEAN, J.

The defendant was convicted in police court of conducting a pool and billiard hall, wherein he kept three pool tables and one billiard table for hire and public use, in the village of Royal, Antelope county, without first having obtained a license from the village authorities. He was fined $100 and costs. By an undertaking duly approved defendant superseded the judgment of the police court and prosecuted error to the district court, where he was found guilty by a jury. Thereupon a fine of $100 was imposed, from which error has been prosecuted to this court.

Defendant complains because the prosecution in police court ran in the name of "G. A. Boyd v. Henry Francisco." In the district court, however, the title of the case, on motion of the state, was amended to read "The State of Nebraska v. Henry Francisco." The complaint before us, while criminal in form, is merely the basis of a civil proceeding which was instituted under an ordinance to recover a penalty. The ordinance in question does not include within its terms any offense made criminal by a leg-

islative act. That the complaint stated an offense clearly appears.

From the foregoing it follows that the court did not err in sustaining the motion of the state to amend the complaint, nor in retaining the case for trial after the amendment was made. *Peterson v. State,* 79 Neb. 132. With respect to a fine imposed for the violation of an ordinance, of the character involved here, it is said in the body of the opinion in the *Peterson* case that the legislature contemplated that a proceeding thereunder was in the nature of a civil action and should be prosecuted as such.

It is argued that there is no evidence showing that the village of Royal had authority to assume village functions. The record shows that village officers were elected and that they held meetings and from time to time adopted ordinances and the like. Among others was an ordinance, which was shown to have been regularly published, which provided for the licensing of billiard and pool tables and which provided a penalty for its violation. The showing with respect to the authority of the village officers in the premises and the validity of the ordinance in question is sufficient. The original records of the village were identified by the village clerk and were introduced in evidence without objection. *Arapahoe Village v. Albee,* 24 Neb. 242; *Van Valkenberg v. Rutherford,* 92 Neb. 803; *Boyd v. Francisco,* 106 Neb. 249; 15 R. C. L. 1063, sec. 6, 1083, sec. 20.

We do not find reversible error. The judgment of the district court is

AFFIRMED.